THE PEOPLE, on the relation of Henry G. Dunnel, *vs.* THE MEDICAL SOCIETY OF THE COUNTY OF NEW-YORK.

*An initiation fee may be demanded from physicians and surgeons on becoming members of county medical societies.*

MOTION for a mandamus. The relator was duly elected a member of the Medical Society of the County of New-York, but his certificate of membership was refused to be delivered to him until he paid an initiation fee of ten dollars, in compliance with the by-laws of the society. This he refused to do; and he now asked for a mandamus commanding the society to deliver to him his certificate.

*T. Nims*, for relator.

*Hoffman & Tallman*, contra.

*By the Court*, MARCY, J.  By the act to incorporate med- ALBANY, ical societies, (2 R. L. 222, § 14, passed April 10th, 1813,) January, 1830. county medical societies are authorized to make and estab- The People lish such by-laws and regulations, relative to the affairs, con- *v.* cerns and property of such societies; relative to the ad- Medical Soci- mission and expulsion of members; and relative to donations ety of N. Y. and contributions, as they shall think fit and proper.  In the revision of the statutes, the *powers* of those societies are left untouched, and remain as they were under the act of 1813. If power is not expressly given or necessarily implied to re- quire an initiation fee from all persons admitted members of such societies, there is at all events nothing in the act pro- hibiting such demand.  The only restriction is, that the by- laws to be established should not be contrary to, nor inconsist- ent with the constitution or laws of the state, or of the Uni- ted States, nor repugnant to the by-laws, rules and regula- tions of the state medical society.  Every physician and sur- geon is required by law to become a member of the society of the county in which he resides within a limited time, or he forfeits his licence; and the act being thus compulsory on him, it is urged that having complied with the law, and hav- ing shewn himself entitled to admission and been in fact elected, a certificate of membership ought not to be withheld from a physician on account of a refusal to pay an initiation fee.  The answer is, that power is given to the society to es- tablish by-laws relative to the admission of members.  A charge of an initiation fee is usual in most societies or asso- ciations of the kind.  Without it they could not exist, where no provision is made by law to defray their necessary inci- dental expenses.  There is nothing in the statutes relative to those societies prohibiting the charge of an initiation fee, nor is such charge deemed contrary to or inconsistent with the laws of the state.  The motion for a mandamus is therefore denied.

Motion denied.