## STATE v. CHARLES E. CROMBIE.[1]

### February 19, 1909.

### Nos. 15,959—(48).

**Practice of Dentistry—Due Process of Law.**

Section 2315, R. L. 1905, as amended by Laws 1907, p. 128, c. 117, § 2, does not violate the provision of either the state or federal constitution, which provides that no person shall be deprived of life, liberty, or property without due process of law.

Defendant was charged in the municipal court of Minneapolis with using the letters D. D. S. in connection with his name and advertising that he would perform dental operations, contrary to the statute in such case made and provided. Defendant appeared specially and moved to be discharged on the ground the prosecution was not conducted by the proper officers. The motion was overruled. He also demurred to the complaint on the ground it did not state facts sufficient to constitute a public offense. It was agreed the demurrer should be decided at the time of the decision of the case, upon the evidence. The defendant then pleaded not guilty. The facts were stipulated. Defendant also moved to dismiss the proceeding. The court, Waite, J., overruled the demurrer, adjudged the defendant guilty, and imposed a fine of $25 or ten days. From the judgment entered thereon, defendant appealed. Affirmed.

*Tryon & Booth,* for appellant.

*Edward T. Young,* Attorney General, and *Geo. E. Kremer,* for the State.

[1] Reported in 119 N. W. 660.

START, C. J.

This is an appeal by the defendant from the judgment of the municipal court of the city of Minneapolis adjudging him guilty of the offense of practicing dentistry without a license, contrary to the provisions of section 2319, R. L. 1905, as amended by Laws 1907, p. 129, c. 117, § 4.

The statute (section 2315, R. L. 1905, as amended by Laws 1907, p. 128, c. 117, § 2) provides what shall constitute practicing dentistry in these words: "All persons shall be said to be practicing dentistry, within the meaning of this section, who shall use the word or letters 'Dentist' or 'D. D. S.,' or any other letters or title in connection with his name which in any manner represents him as engaged in the practice of dentistry.

The complaint was to the effect following: That the defendant, Charles E. Crombie, at the time and place therein stated, did unlawfully, without theretofore having obtained from the state board of dental examiners of this state a certificate of registration as a licensed dentist, practice dentistry, in this: That he did then and there use the letters "D. D. S." in connection with his name and advertise that he would perform dental operations, contrary to the statute in such case made and provided.

The facts upon which the defendant's conviction of the offense charged is based were stipulated, and are to the effect following: On July 8, 1908, the defendant, without having obtained a certificate of registration as a licensed dentist from the board of dental examiners of this state, advertised himself to be a dentist by placing the following signs in the windows of his place of business in the city of Minneapolis:

"Chas. E. Crombie, D. D. S.
Dentistry
In-lay Method."

He became a resident of this state in the year 1906, and since then he has made use of the letters "D. D. S." and the word "Dentist," in connection with his name, both upon his office door and upon his stationery.

He graduated from the Chicago College of Dental Surgery, in the state of Illinois, in 1903, and received its diploma, granting him the de-

gree of Doctor of Dental Surgery, which is indicated by the letters D. D. S. The college was authorized to grant the degree. In the same year he became a duly registered and licensed dentist of the state of Illinois, and received from its board of dental examiners a registration certificate, which has never been revoked. He practiced dentistry in the state of Illinois from 1898 to 1906, and was duly authorized so to practice dentistry therein prior to his receiving such certificate of registration.

He has, since October, 1906, maintained an office in the city of Minneapolis. During that time a large part of the work done by him has consisted in manufacturing dental products, among others, plate work, bridge work, crown work, and in-lay work. A large part of the business so carried on by him has been performed by him, or under his direction, for parties outside of the state of Minnesota. The use by him of the letters "D. D. S." and "Dentist" and "Dentistry" has been in connection with such work done by him, and it has been to a large degree instrumental in obtaining such work.

Before the commencement of this prosecution he inquired of the dental board of this state if it would admit a person duly authorized to practice dentistry in the state of Illinois to practice in this state upon the production of his certificate of registration and his diploma, and otherwise complying with the provisions of the proviso contained in section 2316, R. L. 1905, as amended by Laws 1907, c. 117, and was advised by the board that it did not admit dentists to practice in this state upon certificates brought from Illinois, for the reason that it did not consider the standard required by the laws relating to dentists in that state equal to that required by the laws of this state. The trial court excluded as immaterial evidence of the admitted fact that the defendant was a duly licensed and registered dentist in Illinois, and had been for many years a duly practicing dentist therein; but the conclusion we have reached in this case is based upon a consideration of all of the admitted facts.

The contention of the defendant is that the provisions of the statute referred to are unconstitutional, because they make the use of the letters D. D. S. conclusive evidence that the person so using them is practicing dentistry in this state, and, further, that they are in conflict with sections 3 and 7 of article 1 of our state constitution, which

guarantee the liberty of speech and press, and that no person shall be deprived of life, liberty, or property without due process of law, and also that they violate the fourteenth amendment to the constitution of the United States.

The provision of the statute to the effect that a person who does the acts therein specified "shall be said to be practicing dentistry" is in substance the same as one found in R. L. 1905, § 2300, relating to the practice of medicine, which declares that a person shall be regarded as practicing medicine, within the meaning of the act, who shall append to his name the letters M. D. This last-named provision was sustained, as a valid exercise of the police power, in State v. Oredson, 96 Minn. 509, 105 N. W. 188, for the reason, as stated by Jaggard, J., that "it was designed to secure the public in whole and in every part from quacks, humbugs, and charlatans masquerading under the venerable and honorable titles of surgeons, physicians, and doctors, and to protect the public in a just reliance upon the one using these titles as a man of proper education and sufficiently trained in the sciences involved."

Again, the fact that the defendant had practiced his profession in the state of Illinois, and that he was a registered dentist therein, gives him no vested right to practice his profession in this state without complying with the statute of this state providing for registration for the practice of dentistry and the licensing of dentists in this state. Such regulation is an appropriate exercise of the police power of the state, for the right of a dentist to practice his profession in this state is subordinate to such reasonable limitations and regulations as the legislature may deem necessary and expedient for the protection of the public. It is clear that the regulation in question is not an unreasonable one, for it requires dentists registered in other states to pass the same examination which all dentists of this state must take, except in cases falling within the proviso in section 2316, R. L. 1905, as amended by Laws 1907, c. 117. State v. Crombie, supra, page 166, 119 N. W. 658.

It is not necessary to enter into any discussion to demonstrate that statutes of the character of the one here under consideration do not violate the provision of either the state or federal constitution, which provides that no person shall be deprived of life, liberty, or property without due process of law, for the proposition is clearly settled by

the decisions of this state and of the supreme court of the United States. State v. Hovorka, 100 Minn. 249, 110 N. W. 870, 8 L. R. A. (N. S.) 1272. The statute is not unconstitutional for any of the reasons urged by the defendant.

Other alleged errors urged, meriting consideration, are disposed of by our decision in the case of State v. Crombie, supra.

Judgment affirmed.