## COURT OF APPEALS,

### November 10, 1914.

## THE PEOPLE v. HECTOR GRISWOLD.

#### (213 N. Y. 92.)

(1.) PUBLIC HEALTH LAW—DENTISTS—POWER OF STATE TO EXACT SKILL AND LEARNING CANNOT BE QUESTIONED.

The general power of the state to exact proper skill and learning of those who follow pursuits involving the public health, safety and welfare, and to prescribe appropriate tests therefor, cannot be questioned.

(2.) SAME—POLICE POWER—COURTS MAY LOOK INTO LAW TO SEE IF IT IS ADAPTED TO END INTENDED.

Legislation passed in the exercise of the police power must be reasonable in the sense that it must be based on reason as distinct from being wholly arbitrary or capricious, but when the legislature has power to legislate on a subject, the courts may only look into its enactment far enough to see whether it is in any view adapted to the end intended.

(3.) SAME—CONSTRUCTION OF STATUTE REQUIRING PRELIMINARY AND PROFESSIONAL EDUCATION AS CONDITION OF LICENSE FOR DENTISTRY.

The provisions of the Public Health Law (Cons. Laws, ch. 45, §§ 194, 196, 198) requiring preliminary and professional education as a condition to the granting of a license for the practice of dentistry are neither arbitrary nor unreasonable. The statute does not gant an exclusive privilege, immunity or franchise in violation of section 18 of article 3 of the State Constitution, nor does it discriminate in favor of aliens or against the citizens of other states or violate the provisions of the Federal Constitution.

People v. Griswold, 151 App. Div. 933, affirmed.

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 7, 1912, which affirmed a judgment of the Court of Special Ses-

sions of the city of New York convicting the defendant of a violation of the Public Health Law in practicing dentistry without a license.

The facts, so far as material, are stated in the opinion.

*Solomon Hanford* and *Max J. Kohler* for appellant.

The statutes involved are unconstitutional, being inconsistent with " the due process of law " provisions of the 14th amendment of the Federal Constitution, and of the State Constitution, (Art. 1, § 6), inasmuch as an arbitrary and discriminatory classification as to licensing is established, and inconsistent with article 4, section 2, of the Federal Constitution, according citizens of each state all the rights and immunities of citizens in the several states, and article 14 of the amendments, concerning non-abridgment of the privileges and immunities of citizens of the United States.   (Gulf C. & S. Co. v. Ellis, 165 U. S. 150, 155; Watson v. Maryland, 218 U. S. 173; Cotting v. Kansas City Stockyards Co., 183 U. S. 79; Connolly v. Union Sewer Pipe Co., 184 U. S. 540; Southern Ry. Co. v. Greene, 216 U. S. 400; People ex rel. Farrington v. Mensching, 187 N. Y. 8; People ex rel. Wineburg Adv. Co. v. Murphy, 195 N. Y. 126; People ex rel. Duryea v. Wilber, 198 N. Y. 1; Lappin v. District of Columbia, 22 App. D. C. 68; State v. Hinman, 65 N. H. 103.) The New York Dental Act is unconstitutional as against defendant under the " due process of law " provisions of the State and Federal Constitutions, because unreasonable. (Lochner v. New York, 198 U. S. 45; California Reduction Co. v. Sanitary Reduction Co., 199 U. S. 306; Lake Shore Ry. Co. v. Smith, 173 U. S. 684; McLean v. Arkansas, 211 U. S. 539; Wright v. Hart, 182 N. Y. 350; People v. Ring, 197 N. Y. 143; Comm. v. Shaleen, 30 Penn. Super. Ct. 1; State v. Walker, 48 Wash. 8; Harmon v. State, 66 Ohio St. 249; Templar v.

Barbers' Board of Examiners, 131 Mich. 255; People ex rel.
Moskowitz v. Jenkins, 202 N. Y. 53.)   The acts involved are un-
constitutional, because of the powers conferred on, and grants
to, the State Dental Society, a private corporation.   (Fox v.
M. H. Society, 165 N. Y. 517; Loan Assn. v. Topeka, 20 Wall.
655; Lasher v. People, 183 Ill. 226; N. Y. M. Assn. v. City of
New York, 32 Misc. Rep. 116; People ex rel. Westboy v. De-
laney, 73 Misc. Rep. 5; State Board v. Bellinger, 138 App.
Div. 12; People v. Ringer, 197 N. Y. 143; Lochner v. N. Y.,
198 U. S. 45; People ex rel. Moskowitz v. Jenkins, 202 N. Y.
53; Hewitt v. Charier, 33 Mass. 353; Hauser v. North British
Co., 206 N. Y. 455.)

*Charles S. Whitman, District Atorney* (*Robert C. Taylor*
of counsel), for respondent.
The statute is not discriminating, arbitrary or unreasonable.
(People ex rel. Scott v. Reid, 135 App. Div. 89; People ex rel.
Phillips v. Raynes, 136 App. Div. 417; Collins v. Texas, 223
U. S. 288; Matter of Bandel v. Bd. of Health, 193 N. Y. 133.)

*W. A. Purrington for Dental Society* of the State of New
York.
The statute is constitutional.   (Brennan v. City of New
York, 122 App. Div. 477; People v. Brooklyn, F. & C.
I. R. Co. 89 N. Y. 75; People ex rel. Kenny v. Folks, 89 App.
Div. 171; State Board of Pharmacy v. Bellinger, 138 App.
Div. 12; Kettles v. People, 22 Ill. 221; Fox v. Mohawk Humane
Society, 165 N. Y. 517; Bradwell v. State, 16 Wall. 130; State
ex rel. Crandall v. McIntosh, 205 Mo. 589; France v. State, 57
Ohio St. 1; Paul v. Virginia, 8 Wall. 168; Lemmon v. People,
20 N. Y. 562.)

MILLER, J.:
The defendant became a resident of this state three years
before his conviction. He had theretofore practiced dentistry

in other states since 1881 and had been licensed to practice in the states of Kansas and Utah.   He was convicted of a violation of section 169d of chapter 215 of the Laws of 1901 (now section 203 of the Public Health Law, chapter 49 of the Laws of 1909; Cons. Laws, ch. 45.)   The constitutional validity of the said act is challenged and it is necessary to state the substance of the provisions complained of.   Section 164 (now 194) provides that only two classes of persons shall be deemed licensed to practice dentistry: 1.   Those duly licensed and registered as dentists in this state prior to August 1st, 1895; and, 2. Those duly licensed and registered thereafter pursuant to the provisions of said act.   Section 166 (now 196) prescribed the qualifications of applicants for examination by the regents, which, as far as material, are that the applicant must have had a preliminary education equivalent to graduation from a four-year high school course registered by the regents, or an education accepted by the regents as fully equivalent, and subsequently to receiving such preliminary education he must either have been graduated in course with a dental degree from a registered dental school, or else, having been graduated in course from a registered medical school with a degree of doctor of medicine, have pursued thereafter a course of special study of dentistry for at least two years in a registered dental school, and received therefrom its degree of doctor of dental surgery, or else he must hold a diploma or license conferring full right to practice dentistry in some foreign country and granted by some registered authority.   The section also contains a proviso with respect to students under private preceptorship, not now important.   Section 168 (now 198) provides for the granting of licenses by the regents: 1.   To candidates who have passed the examination on certification by the board of dental examiners; 2.   On recommendation of the board of dental examiners without examination to applicants who either have been duly graduated from a registered dental school and have been

thereafter lawfully and reputably engaged in the practice of dentistry for six years next preceding their application, or hold a license to practice dentistry in any other of the United States granted by a state board of dental examiners, indorsed by the Dental Society of the State of New York, provided that in either case their preliminary and professional education shall have been not less than that required in this state. Section 169d (now 203, subd. E) prescribes the penalties imposed for a violation of the statute, and that " All fines, penalties and forfeitures of bail imposed or collected on account of violations of the laws regulating the practice of dentistry must be paid to the state dental society." The appellant complains that the door of the examination room has been closed to him regardless of his actual qualifications, his long experience in other states and of the fact that when he began the study and practice of dentistry no such preliminary and professional requirements were imposed, and he asserts that he is thus precluded from following a lawful calling by an unreasonable, arbitrary and discriminatory statute in violation of various provisions of the State and Federal Constitutions.

The decision of the Appellant Division was unanimous. All of the facts necessary to the People's case must, therefore, be deemed established. If the statutory provisions, which prescribe the qualifications with respect to preliminary and professional education, are void, it would seem that the appellant might have applied to the regents to be admitted to examination, and, upon refusal, have successfully invoked the aid of the courts by mandamus to compel his admission, and that he was not at liberty to ignore the statute altogether, and practice dentistry without being licensed. However, as the point is not raised, we shall assume, without deciding, that if the appellant's objections to the statute are well taken he was not subject to a criminal prosecution for violating it.

The general power of the state to exact proper skill and

learning· of those who follow pursuits involving the public health, safety and welfare, and to prescribe appropriate tests therefor, cannot at this day be questioned. It has been exercised from time immemorial, and has been sustained by repeated decisions of the courts. (See Dent v. State of West Virginia, 129 U. S. 114; Watson v. State of Maryland, 218 U. S. 173; Collins v. State of Texas, 223 U. S. 288; Hewitt v. Charier, 16 Pick. 353; State of Minnesota v. Vandersluis, 42 Minn. 129.) In determining whether statutory requirements are arbitrary, unreasonable or discriminatory, it must be borne in mind that the choice of measures is for the legislature, who are presumed to have investigated the subject, and to have acted with reason, not from caprice. Legislation passed in the exercise of the police power must be reasonable in the sense that it must be based on reason as distinct from being wholly arbitrary or capricious, but when the legislature has power to legislate on a subject, the courts may only look into its enactment far enough to see whether it is in any view adapted to the end intended. If it is, the court must give it effect, however unwise they may regard it, or however much they might, if given the choice, prefer some other measure as more fit and appropriate.

Coming then to the particular provisions of the act in question, the requirement as to preliminary and professional education is not, in and of itself, either arbitrary or unreasonable. A preliminary education equivalent to a four-year high school course registered by the regents and a professional education in a registered dental or medical school, or both, are certainly appropriate to fit one to pursue the calling of dentistry, and with the wisdom of that requirement we have nothing to do."

The appellant has no grievance from the provision that those duly licensed and registered as dentists in this state prior to the 1st day of August, 1895, are deemed licensed to practice. It is the rule for such acts to preserve the status of those law-

fully engaged in the pursuit regulated. As said by the United States Supreme Court, " The Fourteenth Amendment does not forbid statutes and statutory changes to have a beginning and thus to discriminate between the rights of an earlier and later time." (Sperry & Hutchinson Company v. Rhodes, 220 U. S. 502.) That there is no objection on constitutional ground to such exceptions has many times been decided. (See Dent v. State of West Virginia, *supra;* Watson v. State of Maryland, *supra;* Williams v. Walsh, 222 U. S. 415.) There is nothing discriminatory in the said provision. All persons in the same class, *i. e.,* those licensed and registered in this state on a given date, are treated alike.

But it is said that the act prefers aliens to citizens of other states. As a matter of fact the contrary is the case. A person holding a diploma or license to practice dentistry in some foreign country, and granted by some registered authority, and having the prescribed preliminary education, may be admitted to examination pursuant to said section 166, whereas, under section 168, a person having the prescribed preliminary and professional education, who holds a license to practice dentistry in any other of the United States granted by a state board of dental examiners, indorsed by the Dental Society of the State of New York, may be licensed on the recommendation of the dental examiners without any examination at all. It may seem hard that the defendant, who has practiced dentistry for many years in other states, cannot be licensed here, or even permitted to take an examination to test his qualifications, until he first acquires the requisite preliminary and professional education; but it is difficult, if not impossible, to make a classification which will not in particular instances seem unjust. All in the same case as the defendant are treated alike. His fundamental error consists in the assumption that a license to practice dentistry in one state confers the like right in all other states, whereas such license is recognized, if at all, only on

principles of comity.   When the appellant came into this state
he fell into the class of those who had never been licensed, unless
the legislature saw fit to recognize the previous experience of
those in the like case.

We find nothing in the statute which can fairly be said to
discriminate in any way against the citizens of other states.
The privileges and immunities secured to citizens of each state
in the several states by the Federal Constitution are the privi-
leges and immunities enjoyed by the citizens in the latter states,
and are not the special privileges enjoyed by the citizens in
their own states.   (Paul v. Commonwealth of Virginia, 8 Wall.
168; Lemmon v. People, 20 N. Y. 562.)   As a citizen of the
United States, the defendant is not privileged to practice den-
tistry in this state without a license so to do.

Of the many cases cited by the appellant, the two bearing
the most resemblance to this case are State v. Hinman (65 N.
H. 103) and State v. Pennoyer (Id. 113).   In those cases a
statute of the state of New Hampshire, regulating the practice
of dentistry and medicine, was held invalid because of a provi-
sion excepting those who had resided and practiced their profes-
sion in the town or city of their present address during all the
time since January 1st, 1875, a test which was held to be wholly
arbitrary, and one having no reference to skill, learning or fit-
ness.   The learned counsel for the appellant, on oral argu-
ment, placed great reliance on the recent decision of the United
States Supreme Court in Smith v. State of Texas (233 U. S.
630).   In that case a statute of the state of Texas prohibiting
any person from acting as a conductor on a railroad train
without having for two years prior thereto worked as a brake-
man or a conductor of a freight train, and prescribing no other
qualifications, was held to be invalid for arbitrarily excluding
experienced and competent men from obtaining employment as
conductors, and for arbitrarily limiting the class who could
secure such employment to those who had served two years as

a brakeman or a conductor on a freight train, regardless of their fitness.

It is urged that the provision of section 168 for licensing without examination those who hold a license to practice dentistry in any other state granted by a state board of dental examiners, indorsed by the Dental Society of the State of New York, is void for granting to a private corporation, association or individual an "exclusive privilege, immunity or franchise" in violation of article 3, section 18, of the State Constitution. In the first place, the act is general and is not a private or local bill. In the next place, the statute should be construed as imposing a duty, rather than as conferring a privilege, upon the dental society. It was the purpose of the statute to prescribe a standard and to provide methods to determine whether the qualifications of candidates came up to that standard. The only exception made is in favor of those already licensed in this state. All others must have the required preliminary and professional education, or its equivalent, and unless licensed in some other state must pass an examination. A diploma or license granted by some registered authority in a foreign country was evidently deemed the equivalent of a dental degree from a registered dental school in this country, but the possessor is required to show that he has the requisite preliminary education and to pass an examination. Licenses granted by boards of examiners in other states are recognized as sufficient evidence of the licensees' qualifications to be licensed in this state without examination, provided as high a standard is exacted in such other states as in this; in other words, provided the preliminary and professional education of such licensees have not been less than that required in this state. The power to determine the standard exacted in other states had to be lodged in some body, board or officer. The act is not to be condemned on the assumption that the dental society will selfishly exercise the power conferred upon it to exclude eligible

licensees of other states from practicing in this. Of course, that power is not to be exercised capriciously or arbitrarily. It is certainly no greater than that conferred for many years in this state on county medical societies. (See People ex rel. Dunnel v. Medical Society of the County of New York, 3 Wend. 426.)

It is unnecessary to determine whether the provision that fines, penalties and forfeitures be paid to the State Dental Society is valid, because the appellant is in no way concerned with that question.

The judgment of conviction should be affirmed.

WERNER, HISCOCK, CHASE, COLLIN, HOGAN and CARDOZO, JJ., concur.

Judgment of conviction affirmed.