## AITCHISON v. UNITED STATES.

### No. 1360.

Municipal Court of Appeals for the District of Columbia.

Argued July 13, 1953.

Decided Aug. 6, 1953.

David Aitchison, pro se.

Samuel J. L'Hommedieu, Jr., Asst. U. S. Atty., Washington, D. C., with whom Leo A. Rover, U. S. Atty. and William J. Peck, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellee.

Before CAYTON Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

Appellant was charged with having violated the Healing Arts Practice Act, Code 1951, 2–101 et seq. Two informations were lodged against him charging that he had "examined, prescribed for and treated" two different named individuals "in anticipation of a fee, gift or reward, without first having obtained a license so to do from the Commission on Licensure for the District of Columbia." The two charges were tried together before a jury which found him guilty. From the sentence which followed he has brought this appeal.

We first consider appellant's claim that the trial court erroneously permitted the informations to be amended after the jury had been sworn. The record does not support the claim. The statement of proceedings recites that one of the informations was amended to show the correct name of the person allegedly treated by appellant and that this amendment was made prior to trial, on oral motion by government counsel, and with no objection being made by defendant. (The informations were also seemingly amended by deleting a reference to a particular section of the

Act. But as amended the informations clearly informed defendant of the charge he was called upon to meet.) The contention has no merit.

With reference to one of the charges, the statement of evidence approved by the trial judge sets out that though appellant was not licensed to practice medicine in the District of Columbia, nor registered with the Commission on Licensure in this jurisdiction, he treated a lady named Kiser in her home in the District. The statement recites: "The appellant diagnosed her condition and the treatment administered by him consisted of hypodermic injections, rub-downs and the administration of a considerable number of pills each day. The appellant visited Lillian Kiser several times a week during the time she was under his care. During this period a nurse acted under the appellant's instructions and also gave the patient hypodermic injections, rub-downs and pills." Appellant admitted that he treated the lady for cancer. He described in considerable detail a machine which he had used to analyze a sample of the patient's blood, which machine he said operated on the same principle as a crystal set and which, by a process of dialing and comparing with information contained on a chart, disclosed the patient's ailment and also indicated whether a particular pill would help the patient.

The testimony with reference to the other charge is tersely set out in the transcript and we quote it in full as follows: "With respect to the second charge, the evidence indicated that on January 3, 1953, Officer Raymond A. Fillman, who is attached to the Morals Division of the Metropolitan Police Department, called the appellant and asked him to come to his house at 1820 N. Street, N. W., Washington, D. C., and treat him for pains in his chest. The appellant agreed to this and three hours later appeared at Officer Fillman's residence. The officer again described his symptoms and the appellant informed the officer that he was suffering from a gall bladder condition and gave him some green pills. For his services the officer paid the appellant a fee of five dollars ($5.00). At this time the appellant was

placed under arrest. The testimony of Officer Fillman was corroborated by the testimony of two other officers. The appellant admitted receiving the telephone call from Officer Fillman, going to his residence, diagnosing and treating him, as testified to by the officer."

The record reveals nothing as to appellant's profession, but in his brief he describes himself as "a practicing Naturopathic physician in the State of Maryland, and licensed under the common law of Maryland to practice Naturopathic medicine in said State." At the trial his counsel offered in evidence a certificate of the incorporation of "Maryland Naturopathic Association," in the State of Maryland. He also offered a certificate, issued to him by another Maryland corporation called the "Maryland State Association of Naturopathic Physicians, Inc.," certifying to his qualification as a naturopathic physician. The trial judge excluded both documents, and the ruling is assigned as error.

 It was admitted that the corporation named in the incorporation certificate above-mentioned was not one of the boards established in compliance with the Maryland Code to authorize the practice of medicine in that State. It was also admitted that said corporation had no authority under the Maryland Code to authorize the practice of any type of medicine in Maryland. On the basis of these admissions alone the exclusion of the documents was proper. Since the corporation mentioned in the charter had no statutory power to authorize the practice of medicine, the charter could have proved nothing relevant to the issues in this case. The certificate issued to appellant by another private corporation was of even less relevance. Moreover, even if it had been shown that appellant was licensed in some medical or professional capacity in Maryland, such license would not have authorized him to come into the District of Columbia and practice the healing art. See Code 1951, 2–133, which strictly limits the class of surgeons and practitioners permitted to practice here without a license and carefully circumscribes the terms and conditions under which they may do so. It is abundantly clear from the record that appellant was not within any of those excepting provisions.

 Appellant says he treated the two patients as "emergency cases" and assigns as error the failure of the trial court to give the jury an instruction which would have exonerated him if they found that an emergency existed in connection with either or both of the offenses charged. In the first place, the record does not show that any such instruction was requested by appellant's counsel; hence error cannot be predicated upon the alleged refusal to instruct. Cavalier v. Weinstein, D.C.Mun. App., 80 A.2d 918. Moreover, on appellant's own evidence, he had not the slightest right to claim that he was in either instance engaged in "the treatment of any case of actual emergency"—an exception named in Code 1951, 2–134. It is not a "case of actual emergency" to treat a lady suffering from advanced cancer several times a week for two months. Nor can that definition apply to the situation of the officer, who told appellant merely that he had pains in his chest, for which appellant came to see him three hours later.

 Finally we consider appellant's claim that the trial judge improperly instructed the jury on the subject of entrapment (this of course can only refer to the case involving the treatment of the police officer). Defense counsel made no objection to the charge at the time or before the jury retired, hence the point is not now available as a ground for reversal. Municipal Court Criminal Rule 18; Villaroman v. United States, 87 U.S.App.D.C. 240, 184 F.2d 261, 21 A.L.R.2d 1074; Kendall v. United States, D.C.Mun.App., 91 A.2d 91. Furthermore, there was no evidence whatever to support a claim of entrapment. From the recital of facts we have quoted above concerning appellant's treatment of the officer, it is plain that he received a call requesting him to come and treat a patient and that he did so. It cannot be said that the criminal design—the intent to practice medicine in the District without a license—originated in the mind of the police officer or that he implanted the intent in the mind of appellant or that appellant was per-

·suaded to perform an act which he otherwise did not intend to perform. This is certainly not entrapment. Sorrells ·v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413; Cratty v. United States, 82 U.S.App.D.C. 236, 163 F.2d 844; Sherman v. United States, D.C.Mun.App., 36 A.2d 556. ..

Appellant had a fair trial, free of prejudicial error, and we think his guilt is plain.

Affirmed.