Jacob Tick, J.
This is an appeal by the People of the State of New York from an order of the Hon. Aíth T. Mikoll, Associate Judge of the City Court of Buffalo, entered on February 9, 1961, dismissing the information dated October 27, 1960, charging the defendant with violating subdivision 3 of section 1747-d of the Penal Law. Such order was entered after a jury found the defendant guilty as charged, after the trial, and before the trial court pronounced sentence. The aforesaid order was based strictly on the legal proposition that the statute involved is unconstitutional as a matter of law.
Subdivision 3 of section 1747-d of the Penal Law reads as follows: “ 3. It shall be unlawful for any person or persons, except a duly licensed physician, dentist, veterinarian, nurse, podiatrist, hospital, sanitarium or other medical institution, or a resident physician or interne of a hospital, sanitarium or other medical institution, or those engaged in the regular business of dealing in medical, dental and surgical supplies, operating a clinical laboratory, maintaining a registered pharmacy or drug *713 store, or maintaining an undertaking establishment, to have under control or possess, a hypodermic syringe or hypodermic needle, or any other instrument or implement adapted for the administering of narcotic drugs, which other instrument or implement is possessed for that purpose, unless such possession be obtained upon a valid written prescription from, and such use be authorized or directed by, a duly licensed physician or veterinarian. For the purposes of this subdivision, no such prescription shall be valid which has been outstanding for more than one year.”
The only question involved on this appeal is whether this section is unconstitutional as declared by the learned Trial Judge and as contended by the defendant that it violates his right to due process of law and further that the statute is arbitrary and unreasonable and is an abuse of the police power of the State.
It is a matter of common knowledge that drug addiction has become a serious problem not only in this State but throughout the country. Many hearings have been held by Congressional Committees and special legislative committees of our State, disclosing the seriousness and extent of this problem. (See Second Interim Report of the State of New York Joint Legislative Committee on Narcotic Study; N. Y. Legis. Doc., 1958, No. 16, p. 15.) These hearings have revealed that the drug addict is a menace to society and not only infects himself but usually induces others to become addicts and very often leads the addict to a life of crime.
The Legislature had real cause to become alarmed at the increased number of narcotic addicts. It was justifiably concerned with the effect such addiction had on the public health and welfare and enacted the statute in question as part of the police power of the State.
In the case of People v. Salerno (17 Misc 2d 535, 541) the court made the following observations:
“‘In determining whether statutory requirements are arbitrary, unreasonable or discriminatory, it must be borne in mind that the choice of measures is for the legislature, who are presumed to have investigated the subject, and to have acted with reason, not from caprice. Legislation passed in the exercise of the police power must be reasonable in the sense that it must be based on reason as distinct from being wholly arbitrary or capricious, but when the legislature has power to legislate on a subject, the courts may only look into its enactment far enough to see whether it is in any view adapted to the end intended. If it is, the court must give it effect, however, unwise they may regard it, or however much they might, if given the choice, prefer *714 some other measure as more fit and appropriate ’ (People v. Griswold, 213 N. Y. 92, 96-97). ”
‘ ‘ Certainly it cannot be said that such provisions are arbitrary or that they deprive anyone of his lawful rights. ‘ The rights of the individual are not absolute. They are subject to the exercise of the regulatory powers of government. The State may enact laws regulating, restraining and prohibiting, although such regulation, restraint or prohibition interferes with, curtails or diminishes personal rights.’ (People v. Brown, 175 Misc. 989, 993, affd. 287 N.Y. 154).”
Mr. Justice Hughes stated the general principle involved, in Purity Extract Co. v. Lynch (226 U. S. 192, 201-202): “ It is also well established that, when a State exerting its recognized authority undertakes to suppress what it is free to regard as a public evil, it may adopt such measures having reasonable relation to that end as it may deem necessary in order to make its action effective. It does not follow that because a transaction separately considered is innocuous it may not be included in a prohibition the scope of which is regarded as essential in the legislative judgment to accomplish a purpose within the admitted power of the Government. Booth v. Illinois, 184 U. S. 425; Otis v. Parker, 187 U. S. 606; Ah Sin v. Wittman, 198 U. S. 500, 504; New York ex rel. Silz v. Hesterberg, 211 U. S. 31; Murphy v. California, 225 U. S. 623. With the wisdom of the exercise of that judgment the court has no concern; and unless it clearly appears that the enactment has no substantial relation to a proper purpose, it cannot be said that the limit of legislative power has been transcended. To hold otherwise would be to substitute judicial opinion of expediency for the will of the legislature, a notion foreign to our constitutional system. ’ ’
This court, accordingly holds that the aforesaid statute is a valid exercise of the police power of this State and therefore constitutional.
The order of the Trial Judge of February 9, 1961 is set aside, the information reinstated, and the defendant to be sentenced upon the verdict of the jury, as provided by law.