Hofstadter, J.
(dissenting). The Fourth Amendment condemns only those searches and seizures which are unreasonable. In his statement of the facts in his brief, counsel for appellant *865 states the heart of this ease as follows: “While appellant was identifying himself, he opened his jacket and there was an exposed bag which contained the syringe ” — which is the basis of this conviction. Again quoting defendant’s counsel, defendant was searched “ because the police noticed a syringe upon the person of appellant sticking out of his jacket pocket.”
Defendant was arrested on December 9, 1963. The charges made in the complaining affidavit of the arresting officer dated December 10, 1963 were reduced on January 8, 1964 to a single charge under section 1747-b of the Penal Law, of unlawful possession of barbiturates. On January 17,1964 the District Attorney filed a three-count superseding information, the second count, under section 1747-d of the Penal Law, charging unlawful possession of the hypodermic syringe alluded to above; and defendant pleaded to the superseding information on that day.
The motion to suppress referred to in the majority opinion was heard on January 8, 1964, when the only charge before the court was under section 1747-b (unlawful possession of barbiturates) not under section 1747-d (unlawful possession of hypodermic instruments). Whether the syringe was unlawfully seized was not before the court on January 8.
On the trial, defendant was found not guilty on the counts dealing with the possession of the barbiturates and guilty on the count dealing with possession of the syringe. The legality of the seizure of this hypodermic instrument only is thus the sole problem we are called upon to resolve.
When the syringe and needles were offered in evidence under the superseding information, the only objection made against their receipt was that “ defendant didn’t have these ” — there was no motion or renewal of the motion that they be suppressed. Possession of the syringe, if adapted for the administration of narcotics, is itself a crime (Penal Law, § 1747-d; People v. Bellfield, 33 Misc 2d 712, affd. 11 N Y 2d 947; see, also, People v. Baker, 7 A D 2d 707). As contraband, its disclosure by defendant’s OAvn act evidenced the commission of a crime in the presence of the special patrolmen and it was properly subject to seizure.
Concerning the occurrences leading to the call for the special patrolmen, it should be observed that they were advised that he was acting disorderly and he admits that he misrepresented himself to be a doctor. He was not in a place for the general public. He was in the pediatric ward. As soon as he saw the patrolmen, he tried to leave by walking away fast. His basic defense ivas not that the syringe and needles were improperly *866 seized, but that they were planted on him — an obvious concoction.
I therefore dissent and vote to affirm.
Gold and Oapozzo.lt, JJ., concur in Per Curiam opinion; Hofstadteb, J., dissents in opinion.
Judgment reversed, etc.