Dinos T. FALES, M.D., Petitioner,

v.

COMMISSION ON LICENSURE TO PRAC-
TICE the HEALING ART, Respondent.

No. 5405.

District of Columbia Court of Appeals.

Argued Oct. 27, 1970.

Decided March 22, 1971.

Dinos T. Fales, pro se.

Leo N. Gorman, Asst. Corp. Counsel,
with whom Hubert B. Pair, Acting Corp.

Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for respondent.

Before FICKLING, KERN and GALLAGHER, Associate Judges.

GALLAGHER, Associate Judge:

This is a petition to review the denial by the Commission on Licensure to Practice the Healing Art for the District of Columbia (the Commission) of petitioner's application for licensure by reciprocity.

On January 30, 1969, petitioner (Dr. Fales) was issued a license to practice medicine in Maryland on the basis of his degree in medicine from the Aristotelean University of Thessaloniki, Greece, and his successful completion of the examination given by the Board of Medical Examiners of Maryland. On December 10, 1969, petitioner filed with the Commission an application for licensure in this jurisdiction by reciprocity, *i. e.,* without examination pursuant to D.C.Code 1967, § 2–121 which requires, *inter alia,* that:

> The applicant shall submit * * * proof that the licensing agency of the jurisdiction whence he comes or desires to come grants, *under substantially the same terms and conditions,* to licentiates of the District of Columbia of the same class, licenses to practice the healing art within its jurisdiction. (Emphasis added.)

The statute further provides that when the Commission has satisfied itself as to the applicant's qualifications and as to the readiness of the licensing agency of the jurisdiction from which he comes to license under substantially the same terms and conditions licentiates from the District of Columbia of the same class, it shall issue a license to the applicant. *Id.*

The Board of Medical Examiners of Maryland certified to the Commission that a District of Columbia licentiate by examination who is a graduate of a foreign (country) medical school would first be required to practice for five years in the District of Columbia before being eligible for licensure by reciprocity in Maryland. Consequently, the Commission informed petitioner that, not having had five years of practice in Maryland, his application was denied because of his inability to establish that under substantially the same terms and conditions Maryland would grant to a licentiate of the District of Columbia a license to practice medicine in that state. In other words, a graduate of a foreign medical school who became a licentiate after examination in the District of Columbia would not be granted a license to practice in Maryland if he had not engaged in practice for five years in this city. Upon request, the Commission reconsidered petitioner's application and adhered to its ruling.

As we understand it, petitioner, who is appearing pro se, contends that to require a foreign graduate doctor from the District of Columbia,[1] applying for a license to practice in Maryland, to have five years of practice before he is eligible for a license in that state is to subject him to illegal discrimination in a constitutional sense; and that the Commission in denying him a license under the reciprocity statute of the District of Columbia Code 1967, § 2–121, in effect endorses that illegal discrimination. Petitioner says, in substance, that Section 2–121 is unconstitutional and especially as applied to him. More specifically, he argues that to compel him to establish that a District of Columbia doctor "under the same terms and conditions" (§ 2–121) would be admitted to practice in Maryland works an unfair discrimination simply because he, a naturalized American citizen, is a graduate of a foreign medical school; and that this violates the privileges and immunity clause of the fourteenth amendment.[2]

---

1. Or from any state in the Union.

2. While the fourteenth amendment does not apply literally to the District of

When analyzed, petitioner is really contending that the core of our reciprocity statute should be ignored because the rule applied in Maryland in respect to "foreign graduates" works a hardship and, to him, an unfair one in the constitutional sense.

Reciprocal legislation is a branch of interstate comity. The idea of such legislation is for one state to secure for its citizens some advantage or immunity by granting that same advantage or immunity to the citizens of any other state provided the other state makes a similar grant.[3] In essence, it seeks equality of treatment, and an interchange of favors, as between one state and another.[4]

■ Reciprocity has been used extensively in the area of the professions.[5] This is because states are under no obligation to recognize licenses for professions issued by other states since these licenses issued by one state are not extraterritorial; and no rule of comity requires a state to grant such licenses merely because a person has been admitted to practice in another state. State ex rel. Boynton v. Perkins, 138 Kan. 899, 28 P.2d 765 (1934); People v. Griswold, 213 N.Y. 92, 106 N.E. 929 (1914); *and see* Aitchison v. United States, D.C. Mun.App., 98 A.2d 791, 793 (1953). The right to practice is not a privilege or immunity of a citizen which is protected by the Constitution, since that secures to citizens of other states only the privileges which citizens of the state may have, and not the privileges which the citizens of the other state may have in their home state. People v. Griswold, *supra*. Therefore, the

license creates no vested right which other states are bound to recognize. State v. Crombie, 107 Minn. 171, 119 N.W. 660 (1909); *see* Aitchison v. United States, *supra*. And owing to its regulatory power over well-defined activities of its citizens, a state can make the extent of limitations and restrictions imposed upon such an activity dependent upon the attitude and actions of sister states with regard to analogous activities of their citizens.[6]

■ Thus it is apparent that the statute in question here, D.C.Code 1967, § 2–121, is constitutional. By its terms it seeks only to secure equality of treatment for the citizens of the District of Columbia with those of sister jurisdictions with regard to reciprocity in the practice of medicine.

■ Petitioner argues, however, that the reciprocity provision of D.C.Code 1967, § 2–121 is unconstitutional as applied to him because it "endorses" an unconstitutional rule of the Board of Medical Examiners of Maryland.[7] Though he does not concede this, what petitioner is really asking is that we declare unconstitutional the Maryland rule requiring graduates of foreign medical schools who seek to be licensed by reciprocity in Maryland to have been licensed by and practicing in another jurisdiction for five years. Petitioner does not assert, nor does it appear, that he has been denied permission to take a written examination for admission to practice in the District of Columbia. Rather, his complaint is directed only at a refusal to grant him a license under our reciprocity statute. § 2–121. In other words, he is not being de-

---

Columbia, it is assumed that an unjustifiable discrimination would also be "violative of due process" under the fifth amendment. Bolling v. Sharpe, 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884 (1954).

3. Starr, Reciprocal and Retaliatory Legislation in the American States, 21 Minn. L.Rev. 371, 374 (1937).

4. See Lenhoff Reciprocity: The Legal Aspect of a Perennial Idea, 49 Northwestern U.L.Rev. 619 (1954).

5. Starr, *supra* note 3, at 375.

6. Lenhoff, Reciprocity in Function: A Problem of Conflict of Laws, Constitutional Law, and International Law, 15 U.Pitt.L.Rev. 44, 56 (1953).

7. The requirement of the Maryland Board is not, *on its face*, such as to shock the conscience in its attempt to assure ability and fitness to practice medicine.

nied admission to practice medicine in this city. He is being denied the easier road to this end.

■ It is apparent that petitioner's remedy, if any there be, lies in the courts in Maryland, whether federal or state. He is a resident of Maryland and the processes of those courts are available to him. As we have shown, under the theory of reciprocity we must take the Maryland rule involved as we find it. Moreover, this court has no authority to declare unconstitutional a statute or rule of Maryland.

Affirmed.