Ormand N. Gale, J.
This is a motion to dismiss the indictment charging defendant with violation of section 265.05 of the Penal Law, possession of a dangerous weapon, on the ground that section 265.05 when read in conjunction with section 265.20 and section 400.00 is unconstitutional. The defendant herein contends that his right to travel has been violated, and further that his rights under the privileges and immunities, due process, and equal protection clauses of the Federal Constitution have also been violated.
The facts, briefly stated, indicate that the defendant herein was traveling through the State on his way to visit friends in Massachusetts. The defendant was stopped by a police officer, and at some point it was discovered that the defendant had a hand gun in his car, and was subsequently arrested for possessing it.
The defendant contends that his right to travel has been violated because this State does not provide a nonresident *912 traveler a procedure whereby he can obtain a permit to carry a license while traveling through this State. The right to travel cannot be deemed absolute but the exercise of the right should be uninhibited by statutes, rules or regulations which unreasonably burden or restrict this movement. (Passenger Cases, 7 How. [48 U. S.] 283; Shapiro v. Thompson, 394 U. S. 618, 629.) In exercise of its general governmental power to advance the welfare and protect the safety of its residents, it does not seem to this court that a restriction on the possession of a dangerous weapon to a traveler of unknown background and character is an unreasonable burden on his right to travel.
The procedure provided in section .400.00 requires local authorities to thoroughly check the individual applying for a permit. It would be unduly burdensome for a local agency to check every traveler passing through New York State to see if he or she fits the requirement for obtaining a license as set out in section 400.00. Any other abbreviated procedure would not carry out the purpose of the present gun legislation — which is to restrict the possession of a dangerous weapon to those who have been thoroughly investigated and found of good moral character.
As to the second argument made by the defendant, he contends the privileges and immunities clause of the Constitution of the United States (art. IV, § 2) has been violated in that residents of New York State are provided with a procedure whereby they may obtain a license and nonresidents are not. In determining the constitutionality of a statute embodying a discrimination between residents and nonresidents the constitutional question presented is whether the factor of residence has a legitimate connection with the regulation so that a classification on that basis is justifiable. The court in Matter of Goodwin v. State Tax Comm. (286 App. Div. 694, 700-701) stated: “‘Like many other constitutional provisions, the privileges and immunities clause (art. IV, § 2) is not an absolute. It does bar discrimination against citizens of other States where there is no substantial reason for the discrimination beyond the mere fact that they are citizens of other States. But it does not preclude disparity of treatment in the many situations where there are perfectly valid independent reasons for it. Thus the inquiry in each case must be concerned with whether such reasons do exist and whether the degree of discrimination bears a close relation to them.’ (Toomer v. Witsell, 334 U. S. 385, 396, supra.) ”
It is a matter of common knowledge that the use of a dangerous weapon has become a serious problem, not only in New *913 York State but throughout the country. The substantial danger to the public interest which would be caused by the unrestricted flow of dangerous weapons into and through the State, possessed by countless travelers, warrants the degree of discrimination set out in the statute. As counsel for the defendant points out, the State of the defendant’s residence tells us that his possession is lawful, while the New York State statute states that possession by a New York resident can only be lawful when the owner of the firearm possesses a permit (which can only be issued to a New York State resident). This certainly points up the necessity for uniform Federal legislation governing hand guns.
While at first blush the New York State statute seems discriminatory, it must be regarded as a proper exercise of police power if we are to avoid a situation which could well result in chaos. Time after time we find that “ travelers ’■’ decide New York is a good place to live in and take up residence with their hand gun legitimately purchased in the State from whence they came. Most of our homicide and assault cases arise out of this type setting, or one where the new resident cannot find gainful employment and sells the gun to one with a criminal background. As stated earlier it would be impossible to thoroughly check first of all who is valid traveling through the State, and secondly make a complete check as to background and character. “If the statute upon its face appears to be reasonable and just and appropriate, and if it appears that its natural consequence will be in the direction of the betterment of public health and welfare, it is the duty of the court to pronounce it constitutional.” (People v. Salerno, 17 Misc 2d 535, 537.)
As to the third constitutional ground, the defendant contends that he was deprived of property without due process of law. In Nebbia v. New York (291 U. S. 502, at p. 525) the court stated: 1 ‘ The Fifth Amendment, in the field of federal activity, and the Fourteenth, as respects state action, do not prohibit governmental regulation for- the public welfare. They merely condition the exertion of the admitted power, by securing that the end shall be accomplished by methods consistent with due process. And the guaranty of due process, as has often been held, demands only that the law shall not be unreasonable, arbitrary or capricious and that the means .selected shall have a real and substantial relation to the objective sought to be attained.”
In this case it is not unreasonable, arbitrary or capricious for the State to take -one’s property (here a hand weapon) where the object of the -statute is to allow only those persons who hold *914 permits to possess such a weapon, and as here the defendant does not possess one. The defendant contends in his brief, for the defendant to have complied with the statute he would have to surrender or destroy his legal possession before entering New York State; the end to which this statute was intended could not have been better stated.
Lastly the defendant argues that his Fourteenth Amendment right to equal protection has been violated. The principal guarantee of equality in New York is the clause in the Fourteenth Amendment to the Federal Constitution which provides that no State shall ‘ ‘ deny to any person within its jurisdiction the equal protection of the laws ” (U. S. Const., 14th Amdt., § 1). Essentially similar is the language of .section 11 of article I of the New York iConstitution, which states that “ No person shall be denied the equal protection of the laws of this state or any subdivision thereof.”
Even legislation which discriminates against a nonresident is valid where it is in the form of a police regulation whose classification dividing residents from nonresidents bears a reasonable relation to the purpose to be served. (People v. Griswold, 213 N. Y. 92.) As the Supreme Court observed in McGowan v. Maryland (366 U. S. 420, 425-426): “Although, no precise formula has been developed, the Court has held that the Fourteenth Amendment permits the States a wide scope of discretion in enacting laws which affect some groups of citizens differently than others. The constitutional safeguard fa <off ended only if the classification rests on grounds wholly. irrevelevant to the achievement of the State’s objective. State legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality. A statutory discrimination will not be set aside if any state of facts reasonably mayjbe conceived to justify it.” (Italics the writer’s.)
The exercise of legislative discretion exhibited in this case cannot be said to be an unreasonable classification not suited to the purpose for which it was enacted. As stated in Matter of Neil v. Wagner (27 Misc 2d 1053) “ ‘ Not all discrimination is prohibited by the guaranties .of equal protection of the law or that against abridgement of privileges of citizens. The test to be applied is whether the discrimination is arbitrary or unreasonable or whether it is based on some ground which may have appeared to the Legislature as having some relation to the subject of the legislation * * *; some basis which may have appealed to the Legislature of the State as having some relation to the advancement of the public welfare. ’ ’ ’
*915 The Legislature had cause to he alarmed at the number of violent crimes committed by the use of a dangerous weapon. It was therefore concerned with the public health and welfare and enacted the statutes in question as part of the police power of the State. As stated in People v. Griswold (213 N. Y. 92, supra, at p. 97): “Legislation passed in the exercise of the police power must be reasonable in the sense that it must be based on reason as distinct from being wholly arbitrary or capricious, but when the legislature has power to legislate on a subject, the courts may only look into its enactment far enough to see whether it is ,in any way adapted to the end intended. If it is, the courts must give it effect, however unwise they may regard it, or however much they might, if given the choice, prefer,some other measure as more fit and appropriate.”
Lastly it must be remembered that there is a strong presumption that a statute duly enacted by the Legislature is constitutional, and for a court to declare a jaw unconstitutional, the invalidity must be demonstrated beyond a reasonable doubt. (People v. Pagnotta, 25 N Y 2d 333, 337; Matter of Van Berkel v. Power, 16 N Y 2d 37, 40.)
The court is ,of the opinion that the defendant has failed to prove beyond a reasonable doubt that this statute is unconstitutional.