**In re Purported Appeal of James L. WOLYNETZ from Superior Court's Refusal to Renew Under 11 Del.C. § 1441(a)(5) his License to Carry a Concealed Deadly Weapon.**

Supreme Court of Delaware.

Submitted: June 30, 1988.
Decided: July 25, 1988.

James L. Wolynetz, Hartly, pro se.

Robert J. O'Neill, Deputy Atty. Gen., Dept. of Justice, Wilmington, for respondent.

Before CHRISTIE, C.J., and HORSEY and MOORE, JJ.

PER CURIAM:

Petitioner, James L. Wolynetz, acting *pro se*, filed with the Clerk of this Court on March 25, 1988, a notice of intent to appeal a "decision" of the Superior Court of the State of Delaware, Kent County, dated November 19, 1987. The "decision" denied petitioner's application for renewal of a permit to carry a concealed deadly weapon.

This Court's Clerk immediately issued a notice to petitioner to show cause why the appeal should not be dismissed as not timely filed under Supreme Court Rule 6.[1] The "decision" appealed, a letter notice to petitioner from the office of the Prothonotary, Kent County, states:

This is to advise you that your application to renew your permit to carry a concealed deadly weapon has been denied by the Judge of the Superior Court. It was denied due to insufficient need.

Petitioner responded to the Clerk's notice by an unsworn statement attributing his failure to file a timely appeal with this Court to misinformation reportedly given him by Superior Court personnel. Petitioner later submitted by affidavit a somewhat more detailed statement of explanation; and following further response of both petitioner and the State to this Court's Order dated June 2, 1988, directing petitioner to show cause why the appeal should not be dismissed, the matter was submitted for decision.

\* \* \* \* \* \*

Delaware statute law controlling the issuance of a license to a person to carry a concealed deadly weapon, and renewal thereof, is found at 11 *Del.C.* § 1441, the pertinent provisions of which are as follows:

(a) A person of full age and good moral character, desiring to be licensed to carry a concealed deadly weapon for the protection of his person or property, may be licensed to do so when the following conditions have been strictly complied with:

(1) He shall make application therefor in writing and file the same with the Prothonotary of the proper county, at least 15 days before the then next term of the Superior Court, clearly stating that he is a person of full age, and that he is desirous of being licensed to carry a concealed deadly weapon for the protection of his person or property, or both, also stating his residence and occupation;

(2) At the same time he shall file, with the Prothonotary, a certificate of 5 respectable citizens of the election district in which the applicant resides at the time of filing his application. The certificate shall clearly state that the applicant is a person of full age, sobriety and good moral character, that he bears a good reputation for peace and good order in the community in which he resides and that the carrying of a concealed deadly weapon by the applicant is necessary for the protection of the applicant or his property, or both. The certificate shall be signed with the proper signatures and in the proper handwriting of each such respectable citizen;

\* \* \* \* \* \*

(5) On or before the date of expiration of such license, the licensee, without further application, may renew the same for the further period of 1 year upon payment to the Prothonotary of

---

1. Supreme Court Rule 6 provides in pertinent part:

A notice of appeal shall be filed in the office of the Clerk of this Court as follows: (1) Within 30 days after entry upon the docket of a judgment, order or decree from which the appeal is taken in a civil case except as to appeals controlled by § 146 of Title 10....

*See* 10 *Del.C.* § 148, which provides in pertinent part:

No appeal from a final judgment of the Superior Court in a civil action shall be received or entertained in the Supreme Court unless the praecipe or notice of appeal is duly filed in the office of the Clerk thereof within 30 days after the date of the judgment or decree.

the license tax and fee of $7, and upon filing with said Prothonotary an affidavit setting forth that the carrying of a concealed deadly weapon by the licensee is necessary for the protection of himself or his property, or both, and that he possesses all the requirements for the issuance of a license, and may make like renewal each and every year thereafter; provided, however, that the Superior Court upon good cause presented to it may inquire into the renewal request and deny the same for good cause shown.

It also appears from the record that Superior Court's denial of petitioner's application followed an evidentiary hearing and the above-quoted judicial finding of "insufficient need" of petitioner for renewal of his license. Hence, Superior Court complied with the procedural requirements of section 1441(a)(5).

We conclude that the appeal must be dismissed. We find that no right of appeal lies to this Court from a discretionary ruling by Superior Court under section 1441 not to renew a license to carry a concealed deadly weapon. We do not consider a judi-cial ruling on a license application of this nature to constitute a judgment entered in a civil cause. *Application of Ware,* Del. Supr., 474 A.2d 131 (1984) is distinguishable. There, in an appeal from Superior Court, we did review 11 *Del.C.* § 1441, but we did so to address an alleged constitutional infirmity in the statute: namely, whether it was a denial of equal protection of law for a license application to be declined a petitioner simply because he was a nonresident of the State of Delaware. We also note from the record in *Ware* that the question of this Court's jurisdiction to hear an appeal from Superior Court's denial of an application for the issuance of a license under section 1441 was not raised by counsel or addressed by the Court.

Hence, we conclude that the appeal of petitioner, James L. Wolynetz, must be dismissed on jurisdictional grounds.[2]

---

2. Petitioner has also deliberately failed to comply with Supreme Court Rule 20 and the written directive of the Clerk requiring the payment either of a filing fee of $75 or the filing of a verified motion to proceed in forma pauperis.

This default would require striking the appeal were it not dismissed on jurisdictional grounds.