**The Application of Theodore J. BU-RESCH, Sr. for a License to Carry a Concealed Weapon.**

**No. 515, 1995.**

Supreme Court of Delaware.

Submitted: Jan. 5, 1996.
Decided: Feb. 14, 1996.

---

Theodore J. Buresch, Sr., New Castle, pro se, appellant.

Michael J. Rich, State Solicitor, Department of Justice, Wilmington, for appellee.

Before VEASEY, C.J., WALSH, and HOLLAND, JJ.

PER CURIAM.

In this appeal from the Superior Court, we again address the question of whether there is an appeal from a Superior Court ruling on an application for a gun permit pursuant to 11 *Del.C.* § 1441. We adhere to our previous view that this Court lacks jurisdiction to entertain such an appeal.

I

On December 26, 1995, the appellant, Theodore J. Buresch, Sr. ("Buresch"), filed a *pro se* appeal from the orders of the Superior Court dated December 1, 1995, denying Buresch's application for a gun permit, and that of December 15, 1995, denying Buresch's motion for reargument. On December 28, 1995, the Clerk of this Court issued a notice directing Buresch to show cause why this appeal should not be dismissed for this Court's lack of jurisdiction to review a ruling of the Superior Court which does not constitute a judgment entered in a civil cause.

On January 5, 1996, Buresch filed a response to the notice to show cause. Buresch's response is directed to the merits of the denial of his application rather than the jurisdictional question raised by the notice to show cause. Although the ruling of the Superior Court is discretionary, we decline to address it because we lack the power to do so.

This Court does not consider a judicial ruling on a license application a judgment entered in a civil cause. *In re Wolynetz,* Del.Supr., 545 A.2d 1194, 1196 (1988). Although our decision in *Wolynetz* focused on the lack of a statutory basis for review of rulings on deadly weapon permit applications, we also note that the limitation is constitutionally based. Article IV, § 11(1)(a) confers jurisdiction on this Court "to receive appeals from the Superior Court in civil causes." A cause, or a cause of action, is generally defined as a dispute or controversy between litigants arising out of the infringement of a civil right or breach of a civil duty. *See Black's Law Dictionary* 221 (6th ed. 1990)

In considering applications for permits to carry concealed deadly weapons, the Superior Court is engaging in an administrative function delegated by the General Assembly. Over time, the Superior Court has exercised legislatively delegated administrative functions, *e.g.,* the appointment of members of school districts pursuant to 14 *Del.C.* § 505 (1953) (repealed), and the appointment of fence-viewers under 8 *Del.C.* ch. 57, § 3 (1893) (repealed). Such functions do not involve the resolution of disputes between private parties in the first instance. Nor does

the exercise of judicial authority in such instances resolve controversies between litigants. The gun permit proceeding under 11 *Del.C.* § 1441 is essentially *ex parte* and discretionary, although the Superior Court "may" receive evidence in opposition to the application. 11 *Del.C.* § 1441(d). The statute fixes no standard for the granting or denial of an application, and while a rejected applicant may feel aggrieved there is no underlying civil right which has been adjudicated.

In the absence of the exercise of a judicial function by the Superior Court, this Court lacks the power of review. Therefore, this appeal must be dismissed on jurisdictional grounds.