BRANIFF v. WEAVER ET AL., COM'RS OF PHARMACY.

1. **Pharmacist:** RIGHT TO LICENSE FORFEITED BY REMOVAL. Druggists and pharmacists who were in the business at the time when chap. 137, Laws of 1882, took effect, and who therefore were licensed without examination, forfeit their right to a license, except on examination, by an abandonment, for two years, of the business at the place designated in the certificate of registration, (see § 1 of said act,) even though during such two years they are engaged in the same business at another place in the state.

*Appeal from Polk District Court*—HON. MARCUS KAVANAGH, *Judge.*

MANDAMUS to compel defendants to issue to plaintiff, who is a pharmacist, a renewal of a permit to practice pharmacy. A demurrer to the petition was sustained by the court below. Plaintiff appeals.

*John A. McCall*, for appellant.

*George F. Henry*, for appellees.

BECK, J.—I. The petition shows that in 1880 plaintiff was a druggist doing business in Dallas county, and in that year he was duly registered by the board of pharmacy without examination, having been a druggist when the pharmacy statute took effect, and a certificate thereof was issued to

him.   In 1884 he notified the commission of his change of place of business to Des Moines.   The change was noted in the records of the commission, and a certificate thereof was duly given him, whereupon he removed to Des Moines.   He received renewals of his certificate for two years following 1884, but the board declined to issue such certificate for the year 1887.   He asks that a writ of *mandamus* may be issued requiring the commissioners to issue the certificate. A demurrer to the petition, on the ground that plaintiff is entitled to no relief upon the facts alleged in his petition, was sustained.

II.    Chapter 137, § 1, Acts Nineteenth General Assembly, which was in force when plaintiff changed his business to Des Moines, provided that " druggists and pharmacists who were registered without examination forfeit their registration when they have voluntarily sold, parted or severed their connection with the drug business for a period of two years at the place designated in the certificate of registration. Should such party who has thus forfeited his registration wish to engage in the practice of pharmacy, he is required to be registered by examination as per section five."   The provisions of this statute are too plain to admit of doubt as to its meaning.   It requires plaintiff to submit to an examination two years after his change, upon which alone a certificate of registration may be issued.   The reason or the policy of the statute is no concern of this court, as its meaning and construction are obvious.   The petition does not show that plaintiff submitted, or offered to submit, to an examination.   He therefore fails to show that he is entitled to the relief which he asks in his petition.

The demurrer was rightly sustained by the court below.
AFFIRMED.