STATE v. W. J. HOVORKA.[1]

March 1, 1907.

Nos. 15,056—(195).

**Pharmacy Act Constitutional.**

Sections 2327–2341, R. L. 1905, being a comprehensive statute regulating the business of pharmacy in this state, creating a state board of pharmacy, prescribing its duties, providing for the licensing of pharmacists, and imposing fees for the issuance and renewal of licenses, *held* a proper subject for legislative supervision under the police power, and not unconstitutional, either as depriving persons licensed under prior statutes of vested rights, or otherwise obnoxious to the principles of the fundamental law.

**License Fee.**

The license fee imposed by the statute for the issuance or renewal of a license is not a tax upon the business of pharmacy, but a charge upon those engaged in that occupation for the support and maintenance of the machinery provided for its regulation. The amount thereof is not unreasonable.

Appeal by defendant from an order of the municipal court of St. Paul, Hanft, J., denying a motion for a new trial, after a trial and conviction of practicing as a pharmacist without a license. Affirmed.

*James Cormican,* for appellant.

*E. T. Young,* Attorney General, *C. S. Jelley,* Assistant Attorney General, *R. D. O'Brien,* County Attorney, and *O'Malley & Boerner,* for the State.

BROWN, J.

Defendant was charged in the municipal court of the city of St. Paul with practicing as a pharmacist without a license, as required by section 2340, R. L. 1905, and appealed from a judgment of conviction.

Several questions were raised by the assignments of error and discussed in the briefs, all of which, save one, were on the oral argument in this court expressly waived by defendant, and the appeal submit-

[1] Reported in 110 N. W. 870.

ted upon the sole question whether the statute under which he was prosecuted and convicted is constitutional. So we pass at once to that question.

The solution of the question is not attended with any serious embarrassments. The several sections of the statute, including that under which defendant was convicted, viz., sections 2327–2341, inclusive, form a comprehensive regulation of the business of pharmacy and pharmacists in this state. The state board of pharmacy is thereby created, clothed with definitely defined powers and duties, to which is committed the matter of enforcing the statutory commands relative to the examination of applicants for license to practice as pharmacists and the renewing and revoking of the same; prescribing the qualifications of those desiring to pursue that occupation, and the disqualifying habits which may operate to authorize the cancellation or refusal to renew a license once issued. It provides for an annual renewal of all licenses issued upon the payment of a fee of $2.

The section under which defendant was prosecuted and convicted prohibits all persons, not licensed and registered as required by other sections, from retailing, compounding, or dispensing drugs, medicines, or poisons; and the following section imposes a penalty for a violation of any of the provisions of the law. Physicians are permitted to compound prescriptions for use in their practice and to furnish their patients with such articles of medicine as they may deem proper, but are not permitted to carry on the business of pharmacists generally without complying with the statute and obtaining license from the state board of pharmacy.

That the subject of the statute is an appropriate matter for legislative regulation and control under the police power cannot well be questioned. State v. State Medical Examining Board, 32 Minn. 324, 20 N. W. 238, 50 Am. 575; State v. Vandersluis, 42 Minn. 129, 43 N. W. 789, 6 L. R. A. 119; State v. Forcier, 65 N. H. 42; State v. Wheelock, 95 Iowa, 577, 64 N. W. 620, 30 L. R. A. 429, 58 Am. St. 452; People v. Moorman, 86 Mich. 433, 49 N. W. 263.

The statute as found in the Revised Laws is complete in all its details, unambiguous, and must be construed without reference to prior legislation on the subject. The rule for the construction of Revised Laws permits a reference to prior pertinent enactments for the purpose

of resolving whatever ambiguities or uncertainties may be found in the new (State v. Stroschein, 99 Minn. 248, 109 N. W. 235; Becklin v. Becklin, 99 Minn. 307, 109 N. W. 243), but for no other purpose; so that, whatever may have been the state of the law prior to the Revision of 1905, it is now clear and must be construed without reference to previously existing statutes, and that the subject-matter thereof is proper for legislative cognizance is established beyond controversy by all the authorities (10 Am. & Eng. Enc. [2d Ed.] 266, and cases cited).

Defendant was duly licensed as a pharmacist in 1886, under the provisions of chapter 147, p. 179, Laws 1885, and his license was annually renewed, as provided by that act, up to the year 1897, when he abandoned that business and took up that of a physician and surgeon. In 1905 he resumed his business as a pharmacist, and made application to the state board of pharmacy for a license, tendering the fee fixed by statute therefor. The application was denied, except upon condition that defendant submit to a new examination. This he declined to submit to, and continued in his business as a pharmacist without a license, and his conviction followed in June, 1906. It is contended in his behalf that his original license, granted in 1886 and renewed from year to year down to 1897, secured to him a vested right to continue in the occupation and to have his license renewed upon payment of the fee without further examination by the board, and that, if the present statute be construed as vesting in the board power to require a new examination, it is unconstitutional and void, as depriving him of his property, viz., his vested right to a renewal of his license, without due process of law.

Under the present statute (section 2334) every certificate of license or renewal thereof expires at the end of one year from the date of its issue, subject to renewal in the manner therein provided. It is probable, however, that no such provision was contained in the prior statute; at least, it is doubtful whether the prior statute could be so construed. And it is also probable that under the old statute a licensed pharmacist would have the absolute right to the renewal of his license without examination upon tendering the required fee. The language of that act was that, upon tendering the fee, the renewal of the license shall be made. The present statute reads that a person who has

once been licensed and has defaulted in payment of the annual fee may be reinstated within two years after such default without examination upon the payment of the arrears. This clearly leaves it within the discretion of the board of pharmacy to require a new examination, where a license has expired by the limitation fixed by the statute.

But, conceding all that is claimed by defendant in this respect, he is mistaken in his theory of vested rights. No person can acquire a vested right to continue, when once licensed, in a business, trade, or occupation which is subject to legislative control and regulation under the police power. The rights and liberty of the citizen are all held in subordination to that governmental prerogative, and to such reasonable regulations and restrictions as the legislature may from time to time prescribe. Commonwealth v. Alger, 7 Cush. 53; Thorpe v. Rutland, 27 Vt. 140, 62 Am. Dec. 625; New Orleans Gas Light Co. v. Drainage Commission of New Orleans, 197 U. S. 453, 25 Sup. Ct. 471, 49 L. Ed. 831; Butler v. Chambers, 36 Minn. 69, 30 N. W. 308, 1 Am. St. 638. Regulations so prescribed and conformed to by the citizen may be subsequently changed or modified by the legislature, whenever public interests require it, without subjecting its action to the charge of interfering with contract or vested rights. This is elementary. The fact that defendant is a physician and surgeon is not important. He is, as such, permitted under the statute to dispense drugs and medicines to his patients; but he cannot practice generally as a pharmacist without complying with the statutory provisions. This feature of the statute does not render it unconstitutional. People v. Moorman, 86 Mich. 433, 49 N. W. 263.

It is also contended that the exaction of an annual renewal fee of $2 renders the statute unconstitutional and void. We find no force in this contention. The fee provided for by the statute is not, in any proper view, a tax upon the business of pharmacy, nor is the amount thereof at all unreasonable. It is imposed only as a charge upon those engaged in the business of pharmacy for the support and maintenance of the machinery provided by statute for its regulation. License fees of this character are sustained under numerous analogous statutes— those regulating the liquor traffic, peddlers, hawkers, auctioneers, hack drivers, and other like occupations. 21 Am. & Eng. Enc. (2d Ed.) 789, and cases cited. See, also, Braniff v. Weaver, 72 Iowa, 641, 34

N. W. 456; State v. Heinemann, 80 Wis. 253, 49 N. W. 818, 27 Am. St. 34; and State v. Forcier, supra.

Other portions of the statute criticised and discussed in the able and exhaustive argument of counsel for defendant require no special mention. None of the objections made against it are fatal to its validity, and we sustain its constitutionality in the respects involved in this case without further discussion. Whether the defendant should have been granted a license without examination, in view of the qualifications disclosed, is a question not involved in the constitutionality of the statute, and we do not, therefore, consider it.

Order affirmed.