## PEOPLE v. ROEMER.

(Supreme Court, Appellate Division, Second Department. May 7, 1915.)

1. DRUGGISTS ⬤⟳1—REGISTRATION—POLICE POWER.

> Laws 1910, c. 422, § 234, requiring annual registration of a place where drugs are sold, and display therein of the certificate of registration, for which a fee of $2 is to be paid, does not impair the right of a licensed druggist to pursue his occupation, but is a lawful exercise of the police power.
>
> [Ed. Note.—For other cases, see Druggists, Cent. Dig. § 1; Dec. Dig. ⬤⟳1.]

2. LICENSES ⬤⟳7—REGISTRATION FEE—REASONABLENESS.

> The exaction by Laws 1910, c. 422, § 234, of an annual registration fee of $2 for places where drugs are sold, is not oppressive and arbitrary.
>
> [Ed. Note.—For other cases, see Licenses, Cent. Dig. §§ 7–15, 19; Dec. Dig. ⬤⟳7.]

3. CONSTITUTIONAL LAW ⬤⟳240—DRUGGISTS ⬤⟳2—SALE BY STOREKEEPERS—DENIAL OF EQUAL PRIVILEGES.

> Laws 1910, c. 422, § 234, permitting storekeepers in places of not over 1,000 inhabitants, and not less than three miles from a pharmacy or drug store, to sell medicines and poisons, necessarily previously prepared, is not a denial of equal privileges, though elsewhere the seller is required to be of prescribed knowledge and skill.
>
> [Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 688, 692, 693, 697–699; Dec. Dig. ⬤⟳240; Druggists, Cent. Dig. § 1; Dec. Dig. ⬤⟳2.]

Appeal from Trial Term, Westchester County.

Action by the People of the State of New York against John Roemer. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, STAPLETON, and RICH, JJ.

---

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

R. E. Digney, of White Plains, for appellant.

Jerome Stiner, of New York City (Joseph H. Kohan, of New York City, on the brief), for the People.

PER CURIAM. The plaintiffs have recovered a penalty of $50 for a violation by defendant of the Public Health Law relating to the practice of pharmacy. Chapter 422, Laws 1910. Section 234 of the act provides that every place in which drugs are retailed "shall be annually registered in the month of January by the board as conducted in full compliance with law and the rules." The statute provides for a registration fee of $2. The defendant did not pay the fee; hence he did not receive his certificate; hence he did not display the certificate. Therefore he violated the law. He makes three complaints: (1) That he is a licensed druggist, and that the statute impairs his right to pursue his occupation; (2) that the exaction of the fee is oppressive and arbitrary; (3) that storekeepers, not druggists, may under conditions do what he (a skilled druggist) may not do under other conditions.

[1, 2] So far as it concerns the present question, a licensed druggist is not denied the right to follow his occupation, but the state exacts that the place where he carries on his business shall be registered every year, so that it may be kept under cognizance. The state may require pharmacists to register annually. Reetz v. Michigan, 188 U. S. 505, 23 Sup. Ct. 390, 47 L. Ed. 563. The present statute is a quite moderate and lawful exercise of the police power. State of Minnesota v. Hovorka, 100 Minn. 249, 110 N. W. 870, 8 L. R. A. (N. S.) 1272, 10 Ann. Cas. 398. The fee for the registration is suitable and appropriated to meet the expense of the bureau. Public Health Law, § 231.

[3] Section 234 of that law allows, in places of 1,000 inhabitants or less, storekeepers to sell medicines and poisons for a period not exceeding one year upon the payment of a fee of $3. "The storekeeper's certificate is limited to the village or place where the storekeeper resides and may be limited to the sale of certain classes of poisons sold only in original packages and put up by a licensed pharmacist whose name and business address is displayed on the package."

The question, then, is whether, in districts with small populations distant three miles from a pharmacy or drug store, the state may license a layman to sell drugs and elsewhere require the vendor to be of prescribed knowledge and skill. The storekeeper is not authorized to compound medicines, and, like pharmacists, he "is responsible for the strength, quality and purity of all drugs sold or dispensed by him, subject to the guaranty provisions of this article," and is subject to section 237 of the law, which relates to "adulterating, misbranding and substituting." The function permitted the storekeeper is comparatively much inferior to the powers of a pharmacist or druggist, while the responsibilities imposed upon him are substantially the same. But under the same conditions each has the same privileges. The question is whether for the sale of poisons and medicines, which must necessarily mean prepared medicines (that is, such as do not require compounding by the vendor), the state must compel dwellers in sparsely settled districts to resort

to a pharmacy or drug store, however distant, for articles that may be needed for poisons or medicines. That would mean that a farmer must go beyond his locality to purchase poisons used in his business, if a pharmacist has not settled within convenient reach, and that medicines prepared or sold in packages, however pressing the exigency, must under the same conditions be sought beyond the locality. That would be a denial of the convenient purchase of necessaries and permit pharmacists, who shun scattering communities, to monopolize a trade at centers to which their traffic would not tend. Because a pharmacist must study and acquire knowledge to be such, it does not follow that some of his inferior powers may not be committed to less trained men who reside where persons of his class do not carry on business. That matter was considered satisfactorily in State of Minnesota v. Donaldson, 41 Minn. 74, 42 N. W. 781, although in that case it was required that the merchandise sold be "put up by a registered pharmacist." But it is inconceivable that a storekeeper would sell poisons not prepared pursuant to the direction of a chemist, or medicines not prepared by a similarly skilled person.

The judgment should be affirmed, with costs.