HENRY R. FISCHWENGER v. FRED M. YORK, A. B. WHITMAN, W. G. McLEOD, H. B. PATTISHALL, and L. D. PANKEY, as and constituting the Florida State Board of Dental Examiners.

18 So. (2nd) 8                        January Term, 1944
May 12, 1944                              Division B

*Jack Kehoe, Murrell & Malone,* for appellant.

*Charles A. Morehead* and *E. A. Pallot,* for appellees.

SEBRING, J.:

Prior to the year 1925 the appellant, Henry R. Fischwenger, had been engaged in the practice of dentistry outside the State of Florida. In June, 1925, he made application for a license to practice his profession in Florida. Under the then prevailing law each person desiring to practice dentistry in the State was required to submit to and pass an examination relating to the practice, as a condition to the issuance of a license. See Chapter 10109, Laws of Florida, 1925. Dr. Fischwenger took the examination given by the Florida State Board of Dental Examiners, passed it, and was issued a license to practice. Thereafter, for the years 1926 and 1927 he applied for and obtained his annual renewal licenses required under law as a condition to continuing practice. In 1927 Dr. Fischwenger abandoned his practice and left the State of Florida to practice dentistry elsewhere. At no time thereafter, until the year 1943, did Fischwenger attempt to secure an annual renewal license. In June, 1943, he applied to the Board to have his license renewed without examination, tendering to the Board such fees as he conceived were necessary to entitle him to be restored to the privilege of practice in Florida. The Board refused to issue a renewal certificate to the applicant upon these conditions, contending that as Dr. Fischwenger had forfeited his privilege to practice dentistry in the State of Florida by not keeping his license in force from year to year as required by law he could not be restored to practice except upon condition that he

submit to a new examination given pursuant to the provisions of Chapter 20240, Laws of Florida, 1941.

The statute under which the appellant was admitted to practice in 1925, and under which he became delinquent in regard to renewing his annual license, required the payment of an annual renewal license fee for the privilege of continuing in practice from year to year, to be paid on or before the first day of January of each year. Contained in the act was the provision that any license or certificate granted by the Board should be automatically canceled and annulled if the holder thereof failed to secure a renewal of the same within a period of three months after the thirty-first day of December of each year. It also provided, in substance, that a license had become automatically canceled or annulled for failure, neglect or refusal of a licensed dentist to pay his annual renewal fee could be restored upon written application and payment to the Board of twenty-five dollars, without the necessity of the applicant submitting to any examination. See Section 13 of Chapter 10109, Laws of Florida, 1925. Also to the same effect, see Chapter 14708, Laws of 1931, which superseded Chapter 10109, supra.

In 1941 the Legislature of Florida enacted Chapter 20240, Laws of Florida, 1941, regulating the practice of dentistry in the State of Florida. This statute contained a section repealing all laws or parts of laws in conflict therewith.

It is the theory of the appellant that under Chapter 20240, supra, one who has once been granted a license to practice dentistry under any dental law in force in Florida at the time of his admission to practice is privileged to renew that license at any time thereafter and without examination upon payment of renewal fees, unless prior to payment he has been served with notice by the State Board of Dental Examiners that unless such fees are paid within a certain specified time he will be required to take another examination as a condition to renewal, and the time prescribed by the notice has expired. He bases his contention upon what he believes to be the applicable effect of Sections 17 and 18 Chapter 20240, supra, to his personal situation.

The cited provisions of Sections 17 and 18 upon which reliance is placed read as follows:

"Section 17. On or before the first day of October of each year, every dentist licensed to practice dentistry in this State shall transmit to the Secretary-Treasurer of the Board, upon a form prescribed by the Board, his or her signature, post office address, office address, the number of his or her license certificate, and such other pertinent information as may be requested, together with a fee of Six Dollars ($6.00), and receive therefor an annual renewal certificate authorizing him or her to continue the practice of dentistry in this State for a period of one year. Any license and license certificate previously granted under the authority of this or any prior Dental Practice Act shall automatically be cancelled and annulled if the holder thereof fails to secure the renewal certificate herein provided for within a period of three months after the thirtieth day of September of each year; and, notwithstanding compliance with the provisions of this Section, any license, license certificate and renewal certificate may at any time be suspended or revoked by the Board for a violation of any of the requirements or provisions of this Act. After the failure, neglect or refusal of any person who is a regularly licensed dentist to comply with all the provisions of this Section during the time his or her license and license certificate remain in force, his or her license and license certificate shall not be restored or renewed except upon a written application therefor, the filling out of the prescribed form, and the payment to the Board of Twenty-five Dollars ($25.00) . . ."

"Section 18. Upon the failure of any dentist to pay the annual renewal fee provided for in Section 17 within two months after September thirtieth, the Board shall notify in writing such dentist that such fees have not been paid; a second of such notices shall be sent by the Board at the end of the fourth month; at the end of the fifth month after September thirtieth, if such fees remain unpaid, the Board shall notify the delinquent by registered mail with return receipt attached that upon failure to apply for renewal certicate and to pay the required fees within the time specified in Section 17 the delinquent must submit to an examination."

We think that the appellant has misconceived the effect

and intent of the quoted provisions of the statute. The 1941 Dental Practice Act, being an act comprehending the whole subject matter of the prior laws, operated as a repeal of the earlier statutes to the extent that it revised or substituted new provisions herefor. Realty Bond & Share Co. v. Englar, 104 Fla. 329, 143 So. 152; American Bakeries Co. v. Haines City, 131 Fla. 790, 180 So. 524. By the terms of Section 2 of the Act the privilege of practicing dentistry in the State of Florida was limited, after its passage, to those who were duly licensed and registered dentists under the laws of Florida at the time of the passage of the statute; and those who subsequently became duly licensed and registered as dentists pursuant to its provisions. See Section 2, Chapter 20240, supra; Section 440.02, Florida Statutes, 1941.

The language of Sections 17 and 18 of the statute has reference only to those persons falling within one or the other of the classes of persons described in Section 2 of the 1941 law; it has no application to those persons who fall in any other class. The only persons to whom the Board is required to send delinquency notices under Section 18 are those who were duly licensed and registered dentists under the laws of Florida at the time of the passage of the statute, and who thereafter become delinquent; and those who, having subsequently become duly licensed and registered dentists under the 1941 law, thereafter fail to secure their annual renewal certificates within the time and in the manner prescribed by the statute. See Sec. 2, Chapter 20240, supra; Sec. 440.02 Florida Statutes, 1941.

Dr. Fischwenger was in neither category. For it is clear that immediately prior to the time Chapter 20240, supra, became law Dr. Fischwenger was not entitled to practice dentistry in the State, having forfeited that privilege by his failure to keep his license in force in accordance with the prevailing applicable statutes. At the time Chapter 20240, supra, became effective his license to practice had long since expired by the limitations fixed by previous statutes in force at the time of its passage, and his right thereafter to again take up his profession in this State was subject to the conditions imposed by the new statute. See State v. Hovorka,

100 Minn. 249, 110 N. W. 870, 8 L.R.A. (N.S.) 1272, 10 Ann. Cas. 398; Commonwealth v. Pollitt, 258 Ky. 489, 80 S. W. (2nd) 543.

The practice of dentistry in this State is not an absolute unqualified or vested right but is a privilege that may be exercised only in subordination to the police power of the State. It may be controlled and regulated by the Legislature in the exercise of the police power. Spencer v. Hunt, 109 Fla. 248, 147 So. 282. When conflicts occur between the right of the citizen to follow such profession and the right of the state to preserve the general health and welfare, the right of the citizen in the matter must yield to the power of the state to prescribe such reasonable restrictions and regulations as may be necessary to protect the people from ignorance, incapacity, deception or fraud. State v. Rowlett, 138 Fla. 330, 190 So. 59. Whatever may have been the conditions prescribed by the law previous to 1941 for continuing in the practice of dentistry, they did not prevent the State, at any time that the public good demanded, from adopting such further regulations and restrictions as to practice as the legislative authority deemed necessary or proper in the public welfare, so long as such further restrictions and regulations were reasonable and bore some just relation to the matter sought to be regulated. For reasons which were deemed sufficient by the Legislature, the 1941 Dental Practice Act was passed superseding previous statutes on the same subject and imposing new and more rigid requirements as a condition to continuation in practice. The statute abolished the privilege theretofore granted to delinquent dentists under the 1925 and 1931 acts to reinstate their licenses at any time without taking an examination.

It is clearly within the authority granted to the Florida State Board of Dental Examiners by the Legislature to require of Dr. Fischwenger an examination as a preliminary condition to the issuance of a renewal certificate.

The decree appealed from is affirmed.

It is so ordered.

BUFORD, C. J., BROWN and THOMAS, JJ., concur.