QUESTION: Does the phrase "under the laws of another jurisdiction," as used in s. 464.071(2), F. S., as amended by Ch. 75-273, Laws of Florida, include a foreign country or the laws of a foreign country or nation?
SUMMARY: As used in s. 464.071(2), F. S., as amended, the phrase "under the laws of another jurisdiction" does mean and include foreign countries and the laws of foreign countries or nations. Your question is answered in the affirmative. Prior to July 1, 1975, s. 464.071(2), F. S., provided that: The board [of nursing] shall issue a license to practice nursing as a registered nurse without examination, to an applicant who has been duly licensed or registered as a registered nurse under the laws of another state, territory or foreign country, if in the opinion of the board the applicant meets the qualifications required of registered nurses in this state. (Emphasis supplied.) With the enactment of Ch. 75-273, Laws of Florida, which took effect on July 1, 1975, s. 464.071(2), F. S., now provides that: The board [of nursing] shall issue a license to practice professional nursing without examination, to an applicant who has been duly licensed or registered under the laws of another jurisdiction if, in the opinion of the board, the applicant meets the same standards for licensure required of registered professional nurses in this state. (Emphasis supplied.) In analyzing your question, the only relevant change made in s. 464.071(2), F. S., by Ch. 75-273, supra, was the change of the phrase "under the laws of another state, territory or foreign country" to the phrase "under the laws of another jurisdiction." In this regard it should be noted that the term "jurisdiction" is a term of comprehensive and large import, having different meanings dependent upon the connection in which it is found. 50 C.J.S. Jurisdiction, at 1090. Thus, the context in which this term is used is significant in determining its meaning and the intent of the Legislature in making the change from the specific enumeration of "state, territory or foreign country" to "another jurisdiction." There is no indication in the title of Ch. 75-273, supra, of any intent to limit the generally comprehensive meaning of the term jurisdiction. It is a general rule of statutory construction that the use of a comprehensive term indicates an intent to include everything embraced within that term. Thus, the use by the Legislature of the comprehensive term jurisdiction would indicate an intent to include within its meaning all aspects of that term. Florida Industrial Comm. v. Growers Equipment Co., 12 So.2d 889, 893 (Fla. 1943); Fla. State Racing Comm. v. McLaughlin, 102 So.2d 574 (Fla. 1958).
As noted above, the precise meaning of the broad term jurisdiction is frequently determined by the context in which it is used. In this regard, s. 464.071(2), F. S., associates the term "laws of" with the term jurisdiction. Thus, the "jurisdiction" referred to in s. 464.071(2) is one which has the authority to enact laws. The right to make, declare, and execute laws is most commonly associated with and applied to the powers of a sovereign, either state or nation. In this regard the word jurisdiction may take on a geographical connotation signifying the territory within which the power to declare and enforce the law may be exercised. 50 C.J.S. Jurisdiction, at 1090, 1091. Regarding the regulation of the practice of a profession such as nursing, the power of the sovereign is most frequently exercised with the enactment of laws requiring examination and licensure in the proper exercise of the sovereign's police power. The sovereign is authorized in the exercise of its police power to require licensure for those who propose to engage in a profession or occupation within the jurisdiction of the sovereign. Semler v. Oregon State Dental Examiners, 294 U.S. 608 (1935); Fischwenger v. York, 18 So.2d 8
(Fla. 1944). Thus, as used in s. 464.071(2), F. S., as amended, the term jurisdiction refers to the authority of a sovereign power to govern or legislate as well as to exercise authority and control. State ex rel. Dreyer v. Bekke, 28 N.W.2d 598, 599 (N.D. 1947). Absent an expression of legislative intent to the contrary, it would appear that Ch. 75-273, supra, has not resulted in a change in the substantive scope of applicability of this provision, but has only simplified the language used in s. 464.071(2). Due to the broad and comprehensive common meaning of the term jurisdiction, and the fact that nothing in Ch. 75-273, Laws of Florida, evidences an intent to use this term in any way other than its commonly accepted manner, I am of the opinion that licensure without examination pursuant to s. 464.071(2), supra, should be available on an equal basis and under the same terms to applicants who have been duly licensed or registered "under the laws of another jurisdiction" whether it be another state, nation, or foreign country. Nevertheless, the State Board of Nursing is given the duty and responsibility to determine that applicants duly licensed or registered under the laws of another jurisdiction do meet the same standards for licensure required of registered professional nurses in Florida before allowing licensure without examination. Finally, I find nothing in s. 455.015, F. S., which would in any way repeal or modify s. 464.071(2), supra. Rather, the method available under s. 455.015 for licensure is an alternative which an applicant may choose, but certainly a foreign licensee may still utilize s. 464.071(2) if that applicant can show that he or she meets the standards for licensure of registered professional nurses in this state.