**MOVERS WAREHOUSE, INC.,
a Minnesota corporation,
Appellant,**

v.

**CITY OF LITTLE CANADA, a municipal corporation; M.K.P., Inc., a Minnesota corporation, Appellees.**

No. 95–1380.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 20, 1995.

Decided Dec. 7, 1995.

Rehearing and Suggestion for Rehearing En Banc Denied Jan. 18, 1996.

Pierre N. Regnier, St. Paul, Minnesota, argued (Thomas M. Countryman and Thomas M. Sweeney, on the brief), for appellee, The City of Little Canada.

Alan Silver, Minneapolis, Minnesota, argued (Todd J. Thun, on the brief), for appellee, M.K.P., Inc.

Before McMILLIAN, ROSS, and BOWMAN, Circuit Judges.

BOWMAN, Circuit Judge.

This case requires us to decide whether, under Minnesota law, a bingo hall operator has a protected property interest in the renewal of its bingo hall license. We conclude that Minnesota law creates no such interest.

From 1986 to 1993 Movers Warehouse, Inc., operated the lone bingo hall in Little Canada, Minnesota. When Movers Warehouse began its bingo hall operation in 1986, Little Canada issued a conditional use permit for the bingo hall. As a result of the adoption of a city ordinance at the same time, only one bingo hall may operate within the city limits. In 1988, the state of Minnesota began regulating bingo halls, and Movers Warehouse was thereafter required to obtain a state license as well as the city's conditional use permit. In 1989, state law was amended to require applicants for bingo hall licenses to submit with their applications a resolution from the municipal authority approving the application. From 1989 to 1992, Movers Warehouse obtained Little Canada's approval of the application for renewal of its state bingo hall license. In 1993, however, the city council did not approve Movers Warehouse's renewal application and instead approved the application of M.K.P., Inc. Movers Warehouse claims that this action of the council deprived it of property without due process of law in violation of the Fourteenth Amendment. Movers Warehouse filed this action under 42 U.S.C. § 1983 (1988) seeking damages and injunctive relief. Little Canada moved for summary judgment, and the District Court[1] granted the motion.[2] We affirm.

1. The Honorable Paul A. Magnuson, Chief Judge, United States District Court for the District of Minnesota.

2. M.K.P., Inc. (MKP) also moved for summary judgment but Movers Warehouse and MKP settled their dispute. Thus none of Movers Warehouse's claims against MKP are before us on appeal. MKP remains a party in the case only to protect its interest in the current bingo hall license.

"We review *de novo* the granting of a summary judgment motion. We will affirm the judgment if the record shows there is no genuine issue of material fact and that the prevailing party is entitled to judgment as a matter of law." *Maitland v. University of Minnesota*, 43 F.3d 357, 360 (8th Cir.1994) (citations omitted); *see also* Fed.R.Civ.P. 56(c).

■ Movers Warehouse argues that summary judgment was improper because there is a factual dispute between the parties as to whether the mayor or city council of Little Canada in 1986 promised Movers Warehouse that (1) it would be able to operate its bingo hall for an "indeterminate" length of time and (2) its conditional use permit would not be terminated unless it engaged in unlawful or improper conduct. We conclude that the alleged factual dispute over what the city promised Movers Warehouse is neither genuine nor material.

First, even if the city promised Movers Warehouse that it could operate its bingo hall for an indeterminate length of time, nothing in the complaint alleges, nor does the record indicate, that the city failed to live up to this promise. "Indeterminate" means "not clearly established" or "not fixed." Webster's Third New Int'l Dictionary 1148 (1981). As the District Court noted, "Warehouse does not provide facts even suggesting the City knew in 1986, when the alleged promise was made, that it then determined it would pass a resolution denying Warehouse's renewal application *seven years later*." Mem. & Order at 9–10, *Movers Warehouse, Inc. v. City of Little Canada*, No. 3–93–809 (D.Minn. Jan. 17, 1995) (emphasis in original).

Second, Movers Warehouse presented insufficient evidence of the alleged promise to create a triable issue of fact. Thomas Short, co-owner and chief executive officer of Movers Warehouse and the primary manager of its bingo hall, testified at his deposition that

Movers Warehouse's understanding of its alleged agreement with the city is reflected in the minutes of the Little Canada City Council. Deposition of Short at 145–46, *reprinted in* Appellant's Appendix at 972–73. Movers Warehouse, however, never introduced any city council minutes that reflect Movers Warehouse's understanding of the alleged agreement.

We thus conclude that no genuine disputes of material fact exist that would prevent the entry of summary judgment. Resolution of this appeal requires us to determine only whether, as a matter of law, Movers Warehouse had a property interest in the renewal of its license to operate a bingo hall.

■ The Fourteenth Amendment prohibits state action that deprives "any person of life, liberty or property, without due process of law." U.S. Const. amend. XIV, § 1. The possession of a protected life, liberty, or property interest is thus a condition precedent to the government's obligation to provide due process of law. In this case, no such interest exists. There is therefore no due process violation.

■ Movers Warehouse has alleged that it has a protected property interest in the renewal of its bingo hall license. To show the existence of a property interest in the renewal of a license, a person "must have more than a unilateral expectation of it. He [or she] must, instead, have a legitimate claim · of entitlement to it." *Craft v. Wipf,* 836 F.2d 412, 416 (8th Cir.1987) (alteration in original) (quoting *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972)). Moreover, property interests "are created and their dimensions are defined" not by the Constitution but by an independent source such as state law. *Id.* Thus the property interest in a license must derive from such an independent source.[3]

In addition to granting summary judgment in favor of Little Canada on Movers Warehouse's due process claim, the District Court dismissed without prejudice Movers Warehouse's claim that Little Canada took its property without just compensation and Movers Warehouse's supplemental state-law claims. Movers Warehouse appeals only the ruling on the due process claim,

and thus the rulings on its other claims are not before us.

3. The alleged property interest in this case derives from a combination of state statutes and municipal ordinances. A municipal ordinance is a form of state law that can create a protected property interest to the extent that it is not invalid under state law. *See Robinson v. City of*

State law can create a property interest in a number of different ways. State law can explicitly create a property right. *Id.* Movers Warehouse, however, does not allege that state law explicitly creates a property interest in the renewal of a bingo hall license. A state may also "create a constitutionally protected interest by establishing statutory or regulatory measures that impose substantive limitations on the exercise of official discretion." *Id.* at 417. Finally, a state may create a protected property interest by "understandings between the state and the other party." *Id.* We have already concluded that Movers Warehouse has not offered sufficient proof to make even a triable issue of the alleged understanding between Movers Warehouse and Little Canada. Thus the property interest in the renewal of Movers Warehouse's bingo hall license, if one exists, must be derived from "substantive limitations on the exercise of official discretion."

The state-issued 1992 bingo hall license expired by its terms on June 30, 1993. Minnesota law provides that the Minnesota Gambling Control Board cannot grant or renew a bingo hall license without approval from the municipality within which the hall operated. Minn.Stat. §§ 349.164, 349.213 (1994). Under Little Canada's ordinances, the city can issue only one bingo hall license. Little Canada, Minn., Mun.Code § 815.015(A) (adopted Nov. 27, 1991). City ordinances also provided that

> No license or permit approved by the City, including any bingo hall license, grants the licensee a property right or entitlement to a license or permit. The City may refuse to issue, renew or may revoke the license or permit for any reason and will not incur liability for damages including, but not limited to, direct, consequential or incidental damages, deprivation of property, loss of income, loss of profits, or loss of livelihood.

*Id.* § 815.025(G). Movers Warehouse obtained its 1992 license subject to this ordinance. Pursuant to this ordinance, Little Canada decided not to approve Movers Warehouse's application for renewal of its license in 1993.

■ Despite the clear language of section 815.025(G), Movers Warehouse argues that section 815.025(I) of the municipal code creates a property right in the renewal of a bingo hall license. Section 815.025(I) reads as follows:

> On or before the one (1) year anniversary of the issuance of a premises permit or bingo hall license, the City Council shall hold a formal review of the licensee's or permit holder's compliance with this Chapter or State Statutes. Upon a finding of noncompliance, the City Council may revoke or suspend a bingo hall license or premises permit.

Little Canada, Minn., Mun.Code § 815.025(I). We note, however, that Little Canada did not "revoke" or "suspend" Movers Warehouse's bingo hall license. To the contrary, Movers Warehouse operated its business for the full term of the license until it expired on June 30, 1993. While section 815.025(I) may indeed create a property interest in an existing license, it says nothing about the renewal process. The terms "revoke" and "suspend" imply the withdrawal of an existing entitlement. It would be proper to characterize the city's action as a revocation if the city interfered with Movers Warehouse's bingo hall operations during the term of the license. In such a case, the city's action may have been subject to any substantive limitations in section 815.025(I), and Movers Warehouse may have had a protected property interest in its license. The case before us, however, is different. In this case, the city exercised its unfettered discretion to withhold approval of an application for renewal of a bingo hall license. As we have already shown, Little Canada's ordinances imposed no limitations on the council's discretion. In these circumstances, Movers Warehouse has failed to show that its expectation in the renewal of its bingo hall license rose to the level of a property interest created by state law.

■ Movers Warehouse has cited a plethora of cases in support of its contention that it has a protected property right in the renewal of its bingo hall license. None of these cases is in point. As we noted above, the property right must arise as a matter of state law; most of the cases cited by Movers Ware-

*Montgomery City,* 809 F.2d 1355, 1356 (8th Cir. 1987) (per curiam).

house do not deal with Minnesota law and are thus inapplicable. The only Minnesota case that Movers Warehouse relies on is *Tamarac Inn, Inc. v. City of Long Lake,* 310 N.W.2d 474 (Minn.1981), a case involving the renewal of a liquor license. Movers Warehouse argues that liquor licenses are analogous to bingo hall licenses for purposes of the property-interest analysis. Movers Warehouse contends that in *Tamarac* "the Minnesota Supreme Court clearly found that a holder of a liquor license has a property interest in its license once granted." Movers Warehouse's Reply Brief at 1. Movers Warehouse appears to have misread *Tamarac.* Although the *Tamarac* court stated that one of the three issues raised by the city was whether Tamarac "possessed a sufficient property interest in its existing liquor licenses to require procedural due process rights prior to any refusal to renew the licenses," 310 N.W.2d at 477, the court failed to reach that issue because it decided the case on other grounds. Thus the *Tamarac* court did not even consider whether there is a property interest in a liquor license. Moreover, in *Hymanson v. City of St. Paul,* the Minnesota Supreme Court expressly stated that "[u]nder Minnesota law, there is no property right in a liquor license." 329 N.W.2d 324, 326 n. 1 (Minn.1983); *see also Paron v. City of Shakopee,* 226 Minn. 222, 32 N.W.2d 603, 607–08 (1948) (holding that city council had discretion to approve applications for liquor licenses and that liquor license holder was no more entitled to renewal than first-time applicant).[4]

Moreover, our independent research has discovered that since the turn of the century the Minnesota Supreme Court has consistently held that the issuance of a state license generally does not create a protected property interest in renewal of the license. *See, e.g., State v. Hovorka,* 100 Minn. 249, 110 N.W. 870, 871 (1907) (holding that licenses issued under Minnesota law do not create property interests in renewal that are protected by Due Process Clause).

We thus conclude that Movers Warehouse has failed to demonstrate that it had a property interest in the renewal of its bingo hall license. At most, it had only a unilateral expectation of renewal. Where, as here, state law places no substantive limitations on the discretion of the licensing authority to deny renewal, such an expectation is not a protected property interest. The District Court therefore properly granted summary judgment for Little Canada.

Because we have concluded that Movers Warehouse did not have a protected property interest in the continued renewal of its bingo hall license, we need not and do not address Movers Warehouse's argument that Little Canada did not provide Movers Warehouse's with due process of law when the city refused to approve the renewal application.

For the foregoing reasons, the judgment of the District Court in favor of the city of Little Canada is affirmed.

---

**4.** Movers Warehouse was aware of the *Hymanson* case because it cited the decision in its brief to this Court, *see* Movers Warehouse's Brief at 42, yet Movers Warehouse failed to mention that this Minnesota case is directly adverse to its position that Minnesota law creates a property interest in liquor licenses. Lawyers have a duty of candor toward the courts before which they practice. *See, e.g.,* Minn.Rule of Professional Conduct 3.3 (1994). The failure of counsel in Movers Warehouse's brief and at oral argument to acknowledge the contrary authority of *Hymanson* does not comply with this professional obligation.