United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 97-1786

_____

Charles Thomas Sturdy, doing      *
business as Fenton Pawn Shop,      *
     *
     Appellant,      *
     *
     v.      *
     *    Appeal from the United States
Lloyd Bentsen, Secretary, Department   *    District Court for the
of Treasury; John McGaw, Director,    *    Eastern District of Missouri.
Bureau of Alcohol, Tobacco &    *
Firearms; Harriet Bobo, Regional    *     [UNPUBLISHED]
Director, Southwest Region, Bureau of   *
Alcohol, Tobacco & Firearms,    *
     *
     Appellees.      *

_____

Submitted: October 1, 1997
Filed: October 6, 1997

_____

Before FAGG, BOWMAN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Charles T. Sturdy, owner and operator of the Fenton Pawn Shop, appeals the District Court's[1] order granting summary judgment in favor of defendants in Sturdy's action seeking review of a decision by the Secretary of the Department of Treasury to revoke Sturdy's federal license to sell firearms. We affirm.

In 1993, an inspector from the Bureau of Alcohol, Tobacco and Firearms (BATF) performed a compliance inspection at Sturdy's pawn shop and found numerous violations of federal firearms regulations, including failure to maintain accurate and complete records. Compliance inspections in previous years had revealed similar violations, and Sturdy had received notice of these violations. Following one inspection in 1984, he also had received an admonitory letter, which described the violations and noted that the BATF had considered revoking his license, but had decided to give him an opportunity to demonstrate his ability to conduct business in accordance with applicable law and regulations. In 1989, at the request of the BATF, Sturdy attended an admonitory conference at which BATF inspectors reviewed the violations with Sturdy and stressed that subsequent violations would result in revocation of his license. Despite these warnings, Sturdy repeatedly failed to adhere to the record-keeping requirements. Following the 1993 inspection, the BATF sent notice to Sturdy that his license was being revoked.

After the BATF issued its final notice of revocation, Sturdy petitioned the District Court for judicial review. Following an evidentiary hearing, the Court found that the evidence of Sturdy's "numerous violations [was] clear and undisputed"; that he also had received "numerous warnings and admonitions from the BATF concerning problems with his record keeping"; that Sturdy's extensive experience as a firearms dealer and his own testimony demonstrated he was well aware of record-keeping requirements under federal law; and that his violations were thus willful.

---

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

On appeal, Sturdy argues the District Court erred in finding that he willfully violated the record-keeping requirements for federal firearms licensure, and in determining that no genuine issue of material fact existed. Sturdy's argument rests largely upon the legal definition of "willful," and his contention that the violations-- which he admits occurred--did not constitute "an intentional violation of a known legal duty." He further asserts that, in determining willfulness, the District Court should have considered his efforts to correct the errors and his alleged attention deficit disorder. Finally, Sturdy contends he did not receive a full and fair hearing in the District Court, because the Court quashed his subpoena for the BATF's inspection reports of three other firearms dealers.

A District Court may grant summary judgment when reviewing a firearms-license revocation pursuant to 18 U.S.C. § 923(f)(3) (1994), provided no issues of material fact are in dispute. Cf. Cucchiara v. Secretary of Treasury, 652 F.2d 28, 29-30 (9th Cir. 1981) (affirming grant of summary judgment where licensee did not dispute factual evidence showing willful violation of record-keeping regulations), cert. denied, 455 U.S. 948 (1982); Fin & Feather Sport Shop, Inc. v. United States Treasury Dep't, 481 F. Supp. 800, 807 (D. Neb. 1979) (noting summary judgment is available under section 923 (f)(3)).

The BATF was entitled to revoke Sturdy's firearms license for willful violation of the federal firearms regulations. See 18 U.S.C. § 923(e) (1994). To show a willful violation, the BATF had to prove Sturdy knew of the legal record-keeping requirements and "purposefully disregarded" or was "indifferent to" them. See Lewin v. Blumenthal, 590 F.2d 268, 269 (8th Cir. 1979) (per curiam) (citing Shyda v. Director, Bureau of Alcohol, Tobacco and Firearms, 448 F. Supp. 409, 415 (M.D. Pa. 1977) (discussing definition of "willful" in context of license revocation)). Thus, the BATF did not have to adduce evidence of "bad purpose." See id.

After de novo review of the record, see Movers Warehouse, Inc. v. City of Little Canada, 71 F.3d 716, 718 (8th Cir. 1995) (standard of review), we agree with the District Court that no genuine issue of material fact exists, and that summary judgment was appropriate, see Fed. R. Civ. P. 56. Given the uncontroverted evidence demonstrating Sturdy's awareness of the legal record-keeping requirements and his repeated failure to follow them, we conclude substantial evidence shows Sturdy's violations were willful. We further agree with the District Court that Sturdy's after-the-fact efforts to correct the specific violations pointed out to him are irrelevant to the issue of willfulness at the time the errors occurred. See Cucchiara, 652 F.2d at 30.

After carefully reviewing Sturdy's remaining points on appeal, we find them to be without merit.

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-